J-S37006-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JERMAINE HENDERSON | |
| Appellant | No. 2432 EDA 2013 |

Appeal from the Judgment of Sentence June 18, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0012686-2011;
CP-51-CR-0012688-2011

BEFORE:  GANTMAN, P.J., SHOGAN, J., and LAZARUS, J.

MEMORANDUM BY GANTMAN, P.J.:                **FILED JULY 24, 2015**

Appellant, Jermaine Henderson, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following his jury trial convictions for two (2) counts of robbery and one (1) count each of first degree murder, criminal attempt, aggravated assault, and carrying firearms on public streets in Philadelphia.[1]  We dismiss the appeal as untimely filed.

The relevant facts and procedural history of this appeal are as follows. On December 19, 2010, Appellant shot Mr. Isaacs and Mr. Brant during a gunpoint robbery.  Mr. Brant died as a result of the shooting, and Mr. Isaacs

_____

[1] 18 Pa.C.S.A. §§ 3701, 2502(a), 901, 2702, 6108, respectively.

suffered serious bodily injuries. The Commonwealth charged Appellant with offenses related to each victim at separate docket numbers. Following trial, a jury convicted Appellant of two counts of robbery and one count each of first degree murder, attempted murder, aggravated assault, and carrying firearms on public streets in Philadelphia. On June 18, 2013, the court sentenced Appellant to life imprisonment for the murder conviction. The court imposed an aggregate, consecutive term of twenty (20) to forty (40) years' imprisonment for the remaining convictions. Following the imposition of sentence, trial counsel informed Appellant of his right to file a post-sentence motion within ten days or a notice of appeal within thirty days.

On July 8, 2013, Appellant filed a "petition for leave to file motion out of time." In it, Appellant claimed he requested that trial counsel file post-sentence motions, but counsel failed to do so. Appellant asked the court to "grant this petition for leave to file out of time and accept [Appellant's] post-sentence motions as timely filed."[2] (Petition for Leave to File Motion Out of Time, filed 7/8/13, at 2). The court conducted a hearing on July 17, 2013.[3] That same day, the court entered the following order: "AND NOW, this 17th

_____

[2] Appellant also asserted, "[C]ounsel is filing the post-sentence motions concurrently along with this petition…." (**See** Petition for Leave to File Motion Out of Time at 1.) We note the certified record does not include separate post-sentence motions, and the docket entries do not memorialize such a filing.

[3] The certified record does not include a transcript for the July 17, 2013 hearing.

day of July, 2013, after consideration of the Post-Sentence Motion by [Appellant] it is ORDERED that the Post-Sentence Motion is DENIED." (Order, entered 7/17/13, at 1).

Appellant filed a notice of appeal on August 16, 2013. On October 17, 2013, the court ordered Appellant to file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b). Appellant timely filed a Rule 1925(b) statement on November 7, 2013.

On April 25, 2014, Appellant filed a request to proceed *pro se*. This Court remanded the matter on May 22, 2014.[4] On June 30, 2014, the trial court conducted a hearing, pursuant to ***Commonwealth v. Grazier***, 552 Pa. 9, 713 A.2d 81 (1998). Immediately after the hearing, the court determined Appellant's waiver of counsel was knowing, voluntary, and intelligent, and it permitted trial counsel to withdraw.

As a prefatory matter, we observe the time limitations for taking appeals are strictly construed and cannot be extended as a matter of grace. ***Commonwealth v. Valentine***, 928 A.2d 346, 349 (Pa.Super. 2007). This Court can raise the matter *sua sponte*, as the issue is one of jurisdiction to

_____

[4] On May 29, 2014, this Court issued a rule to show cause order, directing Appellant to explain why his appeal should not be deemed untimely. Appellant filed a response on June 11, 2014. In it, Appellant claimed the trial court expressly granted the petition for leave to file post-sentence motions out of time, the court denied the post-sentence motions *nunc pro tunc* on July 17, 2013, and Appellant timely filed a notice of appeal on August 16, 2013. On October 21, 2014, this Court issued a *per curiam* order referring the timeliness issue to this merits panel.

entertain the appeal.  ***Id.***  As a general rule, this Court has no jurisdiction to entertain an untimely appeal.  ***Commonwealth v. Patterson***, 940 A.2d 493, 497 (Pa.Super. 2007), *appeal denied*, 599 Pa. 691, 960 A.2d 838 (2008).  "Nonetheless, this general rule does not affect the power of the courts to grant relief in the case of fraud or breakdown in the processes of the court."  ***Id.*** at 498.

"[T]he notice of appeal…shall be filed within 30 days after the entry of the order from which the appeal is taken."  Pa.R.A.P. 903(a).  "A direct appeal in a criminal proceeding lies from the judgment of sentence." ***Patterson, supra*** at 497 (quoting ***Commonwealth v. Preacher***, 827 A.2d 1235, 1236 n.1. (Pa.Super. 2003)).  If a defendant files a timely post-sentence motion, the notice of appeal shall be filed within 30 days of the entry of the order deciding the motion.  Pa.R.Crim.P. 720(A)(2)(a).  To be timely, a post-sentence motion must be filed no later than 10 days after imposition of sentence.  Pa.R.Crim.P. 720(A)(1).  Absent a timely post-sentence motion, the notice of appeal shall be filed within 30 days of imposition of sentence.  Pa.R.Crim.P. 720(A)(3); ***Commonwealth v. Dreves***, 839 A.2d 1122, 1127 (Pa.Super. 2003) (*en banc*).

"[A] post-sentence motion *nunc pro tunc* may toll the appeal period, but only if two conditions are met."  ***Commonwealth v. Capaldi***, 112 A.3d 1242, 1244 (Pa.Super. 2015) (citing ***Dreves, supra*** at 1128).

> First, within 30 days of imposition of sentence, a defendant must request the trial court to consider a post-sentence

motion *nunc pro tunc*. The request for *nunc pro tunc* relief is separate and distinct from the merits of the underlying post-sentence motion. Second, the trial court must **expressly permit** the filing of a post-sentence motion *nunc pro tunc*, also within 30 days of imposition of sentence. If the trial court does not expressly grant *nunc pro tunc* relief, the time for filing an appeal is neither tolled nor extended. Moreover, [t]he trial court's resolution of the merits of the late post-sentence motion is no substitute for an order expressly granting *nunc pro tunc* relief.

***Capaldi, supra*** at 1244 (internal citations and quotation marks omitted) (emphasis in original).

Instantly, the court imposed sentence on June 18, 2013. At the conclusion of the proceedings, trial counsel instructed Appellant regarding his rights and the time limitations for filing post-sentence motions and a direct appeal. Therefore, Appellant's post-sentence motions were due on or before June 28, 2013. Appellant did not file post-sentence motions on or before June 28, 2013. Thus, Appellant's notice of appeal was due within thirty days of his sentencing, on or before July 18, 2013. ***See Dreves, supra***.

On July 8, 2013, Appellant filed a "petition for leave to file motion out of time." Appellant's filing, however, did not satisfy the prerequisites for *nunc pro tunc* relief. ***See Capaldi, supra***. Significantly, the trial court did not expressly grant the filing of post-sentence motions *nunc pro tunc*. Although the certified record includes an order denying Appellant's post-sentence motions on the merits, that order is no substitute for an order

expressly granting *nunc pro tunc* relief. ***See id.*** at 1245 (stating: "With respect to the necessity of a timely order expressly granting reconsideration, the establishment of a briefing schedule, hearing date, or issuance of a rule to show cause does not suffice"); ***Dreves, supra*** at 1128-29 (explaining if trial court does not expressly grant *nunc pro tunc* relief, time for filing appeal is neither tolled nor extended; court's resolution of merits of untimely post-sentence motion is no substitute for order expressly granting *nunc pro tunc* relief). Under the circumstances of this case, Appellant's "petition for leave to file motion out of time" did not toll the appeal period, and we must deem Appellant's appeal from the judgment of sentence untimely filed. Accordingly, we dismiss this appeal as untimely.

Appeal dismissed.

Judge Lazarus joins this memorandum.

Judge Shogan files a dissenting memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/24/2015