J. S69023/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| ANTONIO L. HORNE, SR. | : | |
| | : | |
| APPELLANT | : | No. 388 MDA 2016 |

Appeal from the PCRA Order February 11, 2016
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0000173-2014

BEFORE: STABILE, J., DUBOW, J., and PLATT, J.[*]

JUDGMENT ORDER BY DUBOW, J.:         **FILED OCTOBER 26, 2016**

Appellant, Antonio Horne, appeals *pro se* from the February 11, 2016 Order, entered in the Dauphin County Court of Common Pleas, granting Appellant's counsel's Motion to Withdraw as Counsel in Appellant's first Petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. We affirm.

On November 12, 2014, following a bench trial, the trial court found Appellant guilty of Driving Under the Influence,[1] and sentenced him to six months of intermediate punishment, with the first thirty days to be served on house arrest with electronic monitoring. The court did not impose a

---

[*] Retired Senior Judge Assigned to the Superior Court.

[1] 75 Pa.C.S. § 3802(a)(1). The court dismissed a careless driving charge.

consecutive term of probation. Appellant served his sentence. It, thus, expired on May 12, 2015. *See* Trial Court's Pa.R.Crim.P 907 Notice, dated 12/2/15.

On May 18, 2015, six days after the expiration of his sentence, Appellant filed a *pro se* PCRA Petition. The PCRA court appointed counsel on June 15, 2015. On October 16, 2015, PCRA counsel filed a Motion to Withdraw as Counsel along with a "no-merit" letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), and their progeny.

On December 2, 2015, before ruling on counsel's Motion to Withdraw, the PCRA court issued its Notice of Intent to Dismiss Appellant's PCRA Petition without a hearing pursuant to Pa.R.Crim.P. 907, noting that Appellant was no longer serving a sentence. Appellant filed a timely Response to the Rule 907 Notice and to counsel's Motion to Withdraw on December 22, 2015. On December 30, 2015, the PCRA court entered an Order dismissing Appellant's PCRA Petition. Appellant did not file a Notice of Appeal from this Order.

On February 11, 2016, the PCRA court entered an Order granting counsel's Motion to Withdraw. On March 4, 2016, Appellant filed a *pro se* Notice of Appeal from the February 11, 2016 Order granting counsel's Motion to Withdraw. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

J. S69023/16

Appellant's March 4, 2016 Notice of Appeal clearly indicates that Appellant is appealing the February 11, 2016 Order granting his PCRA counsel's Motion to Withdraw. Appellant, however, has failed to allege in his Pa.R.A.P. 1925(b) Statement or in his Brief to this Court the manner in which the PCRA court erred granting PCRA counsel's Motion to Withdraw. Accordingly, Appellant has not preserved any issues on appeal with respect to the PCRA court's Order granting counsel's Motion to Withdraw. *Commonwealth v. Hill*, 16 A.3d 484, 494 (reiterating that "any issues not raised in a Rule 1925(b) [S]tatement will be deemed waived").

Furthermore, it is clear from our review of Appellant's Pa.R.A.P. 1925(b) statement and his Appellate Brief that he actually seeks this Court's review of the PCRA court's December 30, 2015 Order dismissing his PCRA Petition. However, Appellant never filed a Notice of Appeal from the PCRA court's December 30, 2015 Order. *See* Pa.R.A.P. 903(a) (an appeal must be filed within thirty days after entry of the order being appealed); *see also Commonwealth v. Valentine*, 928 A.2d 346, 349 (Pa. Super. 2007) (holding that, absent fraud or a breakdown in the operations of the court, a court cannot enlarge the time period for appeal); *see also* Pa.R.A.P. 105(b). Therefore, to the extent that Appellant sought this Court's review of the Order dismissing his PCRA Petition, we are without jurisdiction to consider the issues raised. *Commonwealth v. Green*, 862 A.2d 613, 615

- 3 -

J. S69023/16

("Jurisdiction is vested in the Superior Court upon the timely filing of a [N]otice of [A]ppeal"). Accordingly, we affirm.[2]

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/26/2016

---

[2] We observe that because Appellant is no longer serving his DUI sentence, he is ineligible for relief under the PCRA. 42 Pa.C.S. § 9543(a)(1)(i); **Commonwealth v. Smith**, 17 A.3d 873, 904 (Pa. 2011).

- 4 -