J. S15030/17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| FREDERICK T. BROWN, | : | |
| | : | |
| APPELLANT | : | |
| | : | No. 1256 EDA 2016 |

Appeal from the Judgment of Sentence December 29, 2015
In the Court of Common Pleas of Monroe County
Criminal Division at No(s): CP-45-CR-0000466-2015

BEFORE: BOWES, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY DUBOW, J.:                        **FILED APRIL 06, 2017**

Appellant, Frederick T. Brown, appeals from the December 29, 2015 Judgment of Sentence entered in the Monroe County Court of Common Pleas following his jury conviction of Driving Under the Influence: Controlled Substance—Metabolite.[1]

The trial court summarized the facts as elicited at trial as follows:

> On July 22, 2014, at approximately 1:00 p.m., Trooper Andrew Depew, while on routine patrol, ran Appellant's vehicle registration through his in-car NCIC system.[2] The NCIC system indicated that Appellant's vehicle registration had been suspended due to his insurance being cancelled. Trooper Depew followed Appellant off the interstate to

---

[1] 75 Pa.C.S. § 3802(d)(1)(iii).

[2] The NCIC system is the National Crime Information Center's computerized index of criminal justice information such as criminal record history information, fugitives, stolen properties, and missing persons.

effectuate a safe traffic stop on Lower Main Street in Stroudsburg, Pennsylvania, to address the suspended registration and insurance cancellation issues.

Trooper Depew made contact with Appellant and related the reason he was being stopped. Upon making contact, Trooper Depew noted that Appellant was not wearing his seat belt. Trooper Depew also observed the odor of marijuana emanating from Appellant's person and that Appellant's eyes were red, glossy, and bloodshot. Under suspicion of DUI, Trooper Depew administered three field sobriety tests: the Horizontal Gaze Nystagmus Test ("HGN Test"), the Rhomberg Balance Test, and the Lack of Convergence Test.

The Commonwealth elicited some specifics regarding the HG[N] and other field sobriety tests, however, Trooper Depew did not testify as to the results. At trial, defense counsel[] did not object to the Commonwealth's questions on the field sobriety tests and even mentioned some of these tests on cross examination ("Now, when you talk about the HGN, the Walk-and-Turn and the One-Leg Stand, those tests were actually not designed to test for a controlled substance intoxication; is that correct?").

Based on his observations, Trooper Depew placed Appellant under arrest for suspicion of DUI and requested Appellant submit to a blood draw. Appellant signed an **O'Connell** Warnings form [DL-26] and submitted to a blood draw at the DUI Center. The results of the blood test indicate that Appellant had 6.4 nanograms per milliliter of Delta-9 Carboxy THC, a metabolite of THC, or marijuana, in his system. Based on the above events, Appellant was charged with various DUI crimes and Vehicle Code Violations.[3]

Trial Ct. Op., 6/17/16, at 1-2 (footnote in original omitted, citations to Notes

of Testimony omitted, paragraph breaks added).

_____

[3] Prior to trial, the Commonwealth dropped Counts 1 and 3 of the Criminal Information, so that the jury only considered Count 2.

On December 4, 2015, following a one-day trial, the jury convicted Appellant of the above charge.[4] The trial court also convicted Appellant of two summary offenses: Vehicle Registration Suspended and Failure to Use Safety Belt.[5] The court ordered the preparation of a Pre-Sentence Investigation Report, and on December 29, 2015, the court sentenced Appellant to a standard-range term of 18 to 60 months' incarceration, a $1,000.00 fine, and an 18-month driver's license suspension.

On January 7, 2016, Appellant's counsel filed a Motion for Extension of Time to File a Post-Sentence Motion, which the trial court granted on January 8, 2016.[6] On March 8, 2016, Appellant filed a Post-Sentence Motion, alleging that the verdict was against the weight of the evidence and/or unsupported by sufficient evidence, that the court erred in allowing the Commonwealth to present testimony regarding Appellant's failure of field sobriety tests, and claiming that his sentence was excessive. On April 12, 2016, the trial court denied Appellant's Motion. Appellant filed a timely

---

[4] At the time of trial, Noelle Wilkinson, Esq. of the Public Defender's Office represented Appellant. Following trial, the court appointed current counsel Brian S. Gaglione, Esq. to represent Appellant.

[5] 75 Pa.C.S. § 1371 (a) and 75 Pa.C.S. § 4581(a)(2)(ii), respectively.

[6] On January 8, 2016, the court entered an Order extending the time for Appellant to file a Post-Sentence Motion until March 8, 2016. This Order also extended the time for Appellant to file a Notice of Appeal until "within 30 days from the denial of any Post-Sentencing Motions that may be filed in these matters or 30 days from March 8, 2016[,] if no Post-[S]entencing Motions are filed." Order, 1/8/16.

Notice of Appeal.[7] Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises three issues on appeal:

1. Whether the [l]ower [c]ourt abused its discretion at the time of [s]entencing in this matter[?]

2. Whether the lower [c]ourt erred by allowing the prosecutor to elicit information relative to field sobriety tests, including the HGN test[?]

3. Whether the verdict was against the sufficiency of the evidence, particularly in light of the U.S. Supreme Court's ruling in *Birchfield* [*v. North Dakota*, 136 S.Ct. 2160 (2016)?]

Appellant's Brief at 6.

In his first issue, Appellant claims the trial court abused its discretion by imposing an allegedly excessive sentence. A claim of this nature challenges the discretionary aspects of Appellant's sentence. *Commonwealth v. Ahmad*, 961 A.2d 884, 886 (Pa. Super. 2008) (citation omitted). Appellant "must therefore petition for permission to appeal those issues, as the right to pursue such a claim is not absolute." *Commonwealth*

---

[7] We note that, generally, a trial court is without authority to extend the time to file a Post-Sentence Motion or Notice of Appeal, and the Superior Court may not enlarge the time for filing a Notice of Appeal. *See* Pa.R.A.P. 105(b); *Commonwealth v. Valentine*, 928 A.2d 346, 349 (Pa. Super. 2007). However, where a trial court misleads a defendant about an appeal period, this Court will consider an untimely direct appeal. *Commonwealth v. Coolbaugh*, 770 A.2d 788, 791 (Pa. Super. 2001). In the instant matter, notwithstanding that Appellant did not file his Notice of Appeal within 30 days of his Judgment of Sentence, because the trial court erroneously extended the time for Appellant to file his appeal, we will consider it.

*v. Finnecy*, 135 A.3d 1028, 1031 (Pa. Super. 2016) (citation and internal quotation marks omitted). In addition, prior to reaching the merits of a discretionary sentencing issue:

> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely [N]otice of [A]ppeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a [M]otion to [R]econsider and [M]odify [S]entence, *see* [Pa.R.Crim.P. 720]; (3) whether appellant's [B]rief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).

*Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006) (citations omitted).

In the instant case, Appellant filed a timely Notice of Appeal and a timely Post-Sentence Motion. Appellant also included a separate Pa.R.A.P. 2119(f) Statement in his appellate Brief. As to whether Appellant has presented a substantial question, we must examine the specific sentencing issue raised by Appellant.

In his Pa.R.A.P. 2119(f) Statement, Appellant alleges "the lower court abused its discretion by sentencing Appellant in the standard range despite a lack of competent, credible evidence that Appellant posed a danger to anyone while driving his vehicle with such a scant amount of a metabolite of marijuana in his blood. Given the lack of such evidence, the sentence imposed of 18-16 months, shocks the conscience and constituted a manifest abuse of discretion." Appellant's Brief at 11.

It is well settled that:

> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (citation, quotation marks, and quotation omitted).

Ordinarily, absent a showing of manifest injustice, a claim of excessiveness does not raise a substantial question that justifies review when the sentence is within the statutory limits. *See Commonwealth v. Mouzon*, 812 A.2d 617, 624-25 (Pa. 2002). Similarly, "[a]n allegation that the sentencing court failed to consider certain mitigating factors generally does not necessarily raise a substantial question." *Moury*, 992 A.2d at 171.

We conclude that Appellant's challenge to the excessiveness of his sentence does not raise a substantial question permitting our review. Simply, Appellant has not framed and preserved his issue in a way that suggests that the Appellant's sentence, which he concedes was within the standard range, was manifestly unreasonable. Moreover, to the extent that Appellant is attempting to claim that the court did not adequately consider the mitigating fact of his level of intoxication purportedly not being a danger to public safety, such does not present a substantial question. Accordingly, this claim fails.

In his next issue, Appellant challenges the admission of testimony regarding Appellant's performance on field sobriety tests, including the HGN Test. Appellant's Brief at 14-15. Appellant claims that the results of field sobriety testing is not relevant to prove whether there was evidence of drugs or a metabolite of drugs in his blood. *Id.* at 15.

We review a trial court's decision to admit evidence with the following in mind:

> The admission of evidence is a matter vested within the sound discretion of the trial court, and such a decision shall be reversed only upon a showing that the trial court abused its discretion. In determining whether evidence should be admitted, the trial court must weigh the relevant and probative value of the evidence against the prejudicial impact of the evidence. Evidence is relevant if it logically tends to establish a material fact in the case or tends to support a reasonable inference regarding a material fact. Although a court may find that evidence is relevant, the court may nevertheless conclude that such evidence is inadmissible on account of its prejudicial impact.

*Commonwealth v. Antidormi*, 84 A.3d 736, 749 (Pa. Super. 2014) (citation omitted).

Where a defendant claims error in the admission of evidence, he must have made a timely objection, stating the specific ground of objection. *Commonwealth v. Willis*, 552 A.2d 682, 690 (Pa. Super. 1988); *see also* Pa.R.E. 103(a)(1). Defense counsel's failure to object to the admission of evidence results in waiver of that issue on appeal. *Commonwealth v. Benson*, 421 A.2d 383, 389 (Pa. 1980).

Here, as noted by the trial court, Appellant's trial counsel, Attorney Wilkinson, "did not object to the Commonwealth's questions regarding the HGN Test, or any field sobriety test. Moreover, Attorney Wilkinson questioned Trooper Depew specifically about the HGN Test during cross[-]examination." Trial Ct. Op. at 6 (citations to the Notes of Testimony omitted). Our review of the Notes of Testimony confirms that Appellant's trial counsel failed to object to the admission of this evidence. Accordingly, Appellant has waived this issue.[8]

In his last issue, Appellant claims that the Commonwealth's evidence was insufficient to support his conviction, particularly in light of the holding in **Birchfield**, **supra**. Appellant's Brief at 15. Appellant is not entitled to relief.

When reviewing sufficiency of evidence challenges:

> [O]ur standard is whether, viewing all the evidence and reasonable inferences in the light most favorable to the Commonwealth, the factfinder reasonably could have determined that each element of the crime was established beyond a reasonable doubt. This Court considers all the evidence admitted, without regard to any claim that some of the evidence was wrongly allowed. We do not weigh the evidence or make credibility determinations. Moreover, any doubts concerning a defendant's guilt were to be resolved by the factfinder unless the evidence was so weak and inconclusive that no probability of fact could be drawn from that evidence.

---

[8] To the extent that within this issue Appellant attempts to raise a claim of ineffective assistance of trial counsel, we note that such claims are properly raised on collateral review. **See Commonwealth v. Holmes**, 79 A.3d 562, 598 (Pa. 2013).

*Commonwealth v. Kane*, 10 A.3d 327, 332 (Pa. Super. 2010) (citation omitted).

The jury convicted Appellant of Driving Under the Influence, 75 Pa.C.S. § 3802(d)(1)(iii). That statute provides, in relevant part, as follows:

> **(d) Controlled substances.--**An individual may not drive, operate or be in actual physical control of the movement of a vehicle under any of the following circumstances:
>
> > (1) There is in the individual's blood any amount of a:
> >
> > > (iii) metabolite of a [Schedule I, II, or III controlled] substance.

75 Pa.C.S. § 3802(d)(1)(iii).

As a prefatory matter, we note that Appellant, relying on *Birchfield*, avers that this Court should vacate his Judgment of Sentence on sufficiency of the evidence grounds, and remand to allow Appellant the opportunity to challenge the admissibility of the result of his blood test. *Id.* at 16. Although Appellant presents this issue as a challenge to the sufficiency of the evidence, it is clear that the gravamen of his argument is a challenge to the trial court's admission of his blood test results, in the absence of which, he claims, incidentally, the Commonwealth could not have sustained a conviction. Thus, to the extent Appellant purports to challenge the sufficiency of the evidence, we find this issue waived, as Appellant failed to

develop an argument in support of this claim.[9]   **See** Pa.R.A.P. 2119;

**Commonwealth v. Perez**, 93 A.3d 829, 838 (Pa. 2014) ("[T]o the extent

appellant's claims fail to contain developed argument or citation to

supporting authorities and the record, they are waived[.]")

Moreover, we find Appellant's reliance on **Birchfield** misplaced.   In

**Birchfield**, the United States Supreme Court concluded that because "the

taking of a blood sample" is a search within the meaning of the Fourth

Amendment of the United States Constitution, absent an applicable

exception, police officers may not compel the taking a blood sample of a

defendant without a search warrant.   **Birchfield**, 136 S.Ct. at 2185. One

exception to the warrant requirement occurs where a person voluntarily

consents to the search.   **Id.** at 2185.

In the instant matter, Appellant did not challenge the admissibility of

the blood test result at any time; he did not file a Motion to Suppress, and

did not raise the issue of the voluntariness of his consent at trial or in his

Post-Sentence Motion.   Accordingly, because Appellant is raising this issue

for the first time on appeal, it is waived.   **See Willis**, **supra** at 690.

Judgment of Sentence affirmed.

---

[9] Moreover, our review of the record indicates that the Commonwealth met its burden of proving every element of this charge beyond a reasonable doubt where Trooper Depew testified at trial that Appellant was driving a motor vehicle (N.T., 12/4/15, at 11, 22), and the Commonwealth's expert witness testified that the nanograms per milliliter of Delta-O Carboxy THC in Appellant's blood sample exceeded the maximum allowable legal limit (N.T. at 27).

- 10 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/6/2017