COMMONWEALTH of Pennsylvania,
Appellee

v.

Kieph VALENTINE, Appellant.

Superior Court of Pennsylvania.

Submitted May 14, 2007.

Filed July 5, 2007.

Keith J. Bedlingmaier, Newtown, for appellant.

Edward M. Louka, Asst. Dist. Atty., Doylestown, for Com., appellee.

BEFORE: GANTMAN, PANELLA, and JOHNSON, JJ.

OPINION BY GANTMAN, J.:

¶ 1 Appellant, Kieph Valentine, appeals *nunc pro tunc* from the judgment of sentence entered in the Bucks County Court of Common Pleas following his convictions for robbery as felonies of the first[1] and second degree,[2] theft by unlawful taking or disposition,[3] receiving stolen property,[4] un-

---

1. 18 Pa.C.S.A. § 3701(a)(1)(ii).

2. 18 Pa.C.S.A. § 3701(a)(1)(iii).

3. 18 Pa.C.S.A. § 3921.

4. 18 Pa.C.S.A. § 3925.

authorized use of an automobile[5], possessing instruments of crime,[6] and five (5) counts of conspiracy.[7] We quash.

¶2 The relevant facts and procedural history of this appeal are as follows:

[Appellant] was arrested, along with co-defendant Quinton Gadsden on January 24, 2004 and charged with robbery, theft by unlawful taking or disposition, receiving stolen property, unauthorized use of an automobile, possession of instruments of crime, and seven counts of conspiracy. [Appellant] and Gadsden were both held for court on all charges following a preliminary hearing on August 2, 2004 before the Honorable Judge Rea Boylan of [the trial court]. On December 2, 2004, a jury convicted [Appellant] of robbery as a felony of the first degree, robbery as a felony of the second degree, theft by unlawful taking or disposition, receiving stolen property, unauthorized use of an automobile, possession of instruments of crime, and five counts of conspiracy. [Appellant] was found not guilty of an additional count of receiving stolen property, an additional count of theft by unlawful taking or disposition, and two additional counts of conspiracy. The District Attorney withdrew the remaining robbery count.

On March 4, 2005, [the trial court] sentenced [Appellant] to a term of incarceration of not less than five (5)[or] more than ten (10) years in a state correctional institution on the first degree felony robbery count. [Appellant] was further sentenced to a term of five years' probation on the conspiracy to commit robbery count, to run concurrent with his prison sentence. No further penalty was imposed on the remaining counts.

[Appellant] filed an [untimely] appeal from the judgment of sentence on April 7, 2005, which was [dismissed] on May 19, 2005. On September 7, 2006, [Appellant] filed a [Post Conviction Relief Act ("PCRA")[8]] petition in which he alleged, *inter alia*, that trial counsel was ineffective for failing to correctly file a timely appeal from the judgment of sentence and withdrawing from the case without his knowledge. Following a hearing held on November 2, 2006, [the trial court] granted the petition solely as to restoration of [Appellant's] direct appellate rights and granted [Appellant] thirty (30) days in which to perfect his appeal. On November 28, 2006, [Appellant] filed a timely appeal from [the trial court's] March 2, 2005 judgment of sentence....

(Trial Court Opinion, filed January 8, 2007, at 1–3) (internal citations omitted).

¶3 Appellant raises one issue for our review:

APPELLANT'S CONVICTION WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE IN THAT THE COMMONWEALTH FAILED TO PROVE BEYOND A REASONABLE DOUBT THE CRIMES OF ROBBERY, THEFT BY UNLAWFUL TAKING, RECEIVING STOLEN PROPERTY, POSSESSION OF INSTRUMENT OF CRIME AND CONSPIRACY TO COMMIT THE ABOVE LISTED CRIMES (COUNTS 1–15) DUE TO THE TIME-LINE ESTABLISHED AT TRIAL AND THE LACK OF CORROBORATING EVIDENCE.

(Appellant's Brief at 4).

¶4 Our standard of review for post-conviction relief orders looks to whether

---

5.  18 Pa.C.S.A. § 3928.

6.  18 Pa.C.S.A. § 907.

7.  18 Pa.C.S.A. § 903.

8.  42 Pa.C.S.A. §§ 9542–9546.

the record supports the PCRA court's determination and whether the PCRA court's determination is free of legal error. *Commonwealth v. McKinney,* 772 A.2d 1023, 1024–25 (Pa.Super.2001). We grant great deference to the findings of the PCRA court and will not disturb findings that are supported by the record. *Commonwealth v. Carr,* 768 A.2d 1164, 1166 (Pa.Super.2001) (citing *Commonwealth v. Bell,* 706 A.2d 855 (Pa.Super.1998), *appeal denied,* 557 Pa. 624, 732 A.2d 611 (1998)).

■ ¶ 5 Initially, we must determine whether Appellant timely filed his September 2006 PCRA petition. *Commonwealth v. Pollard,* 911 A.2d 1005, 1007 (Pa.Super.2006). Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition. *Id.* A PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1); *Pollard, supra* at 1007. A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." 42 Pa.C.S.A. § 9545(b)(3). Because statutory time restrictions are jurisdictional in nature, they may not be altered or disregarded to reach the merits of the claims raised in the petition. *See Commonwealth v. Murray,* 562 Pa. 1, 753 A.2d 201 (2000) (holding court lacks jurisdiction to hear merits of PCRA claim where petition is untimely filed and no exception to timeliness requirement is properly alleged and proved).

¶ 6 Section 9545(b) provides very limited circumstances under which the late filing of a PCRA petition will be excused. 42 Pa.C.S.A. § 9545(b). Section 9545(b) provides:

### § 9545. Jurisdiction and proceedings

\* \* \*

**(b) Time for filing petition.—**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

\* \* \*

42 Pa.C.S.A. § 9545(b)(1)-(2). "[W]hen a PCRA petition is not filed within one year of the expiration of direct review, or not eligible for one of the three limited exceptions, or entitled to one of the exceptions, but not filed within 60 days of the date that the claim could have been first brought, the trial court has no power to address the substantive merits of a petitioner's PCRA claims." *Commonwealth v.*

*Gamboa–Taylor,* 562 Pa. 70, 77, 753 A.2d 780, 783 (2000).

¶ 7 Additionally, this Court can raise jurisdictional issues *sua sponte. Commonwealth v. Coolbaugh,* 770 A.2d 788, 791 (Pa.Super.2001). An appellant must file a notice of appeal "within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a). This Court "may not enlarge the time for filing a notice of appeal . . . ." Pa.R.A.P. 105(b). Absent a breakdown in the operations of the court, "[t]ime limitations on the taking of appeals are strictly construed and cannot be extended as a matter of grace." *Commonwealth v. Perez,* 799 A.2d 848, 851 (Pa.Super.2002), *appeal denied,* 578 Pa. 716, 854 A.2d 967 (2004) (internal citations omitted) *See also Commonwealth v. Dreves,* 839 A.2d 1122 (Pa.Super.2003) (*en banc* ).

¶ 8 Instantly, we must address the timeliness of Appellant's first direct appeal in 2005, because that will determine whether Appellant's PCRA petition was timely filed in 2006, and whether the PCRA court had jurisdiction to grant relief in the form of a direct appeal *nunc pro tunc. See Pollard, supra.* The trial court imposed sentence on Friday, March 4, 2005. Absent the filing of timely post-sentence motions, Appellant's notice of appeal was due on or before Monday, April 4, 2005.[9] *See* Pa.R.Crim.P. 720; Pa.R.A.P. 903 (providing thirty days to file appeal under both rules). Appellant's notice of appeal was filed on Thursday, April 7, 2005, three (3) days late. This Court dismissed the appeal on May 19, 2005. Therefore, Appellant's judgment of sentence became final on April 4, 2005, upon the expiration of the time for taking the direct appeal. *See* 42 Pa.C.S.A. § 9545(b)(1); Pa.R.A.P. 903(a). The one-

year time period to file a PCRA petition expired on April 4, 2006. *See* 42 Pa.C.S.A. § 9545(b)(1). Appellant filed his PCRA petition on September 7, 2006, more than five (5) months late. Appellant's PCRA petition was patently untimely. Nevertheless, the court appointed counsel and scheduled a hearing. On November 3, 2006, the trial court granted PCRA relief solely as to reinstatement of Appellant's direct appeal rights *nunc pro tunc.* The PCRA court lacked jurisdiction *ab initio* to grant PCRA relief, because Appellant filed his PCRA petition more than one year after his judgment of sentence became final and failed to plead or prove a statutory timeliness exception. *See* 42 Pa.C.S.A. § 9545(b)(1); *Gamboa–Taylor, supra.* Accordingly, we are likewise precluded from addressing the merits of Appellant's claim and quash this appeal. *See id.*

¶ 9 Appeal quashed.

---

9. April 3, 2005 fell on a Sunday.