J-S66037-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DION L. AVANT | |
| Appellant | No. 1630 MDA 2015 |

Appeal from the Judgment of Sentence April 24, 2015
In the Court of Common Pleas of Lackawanna County
Criminal Division at No(s): CP-35-CR-0000979-2013

BEFORE: BOWES, J., PANELLA, J., and JENKINS, J.

JUDGMENT ORDER BY JENKINS, J.:          **FILED SEPTEMBER 08, 2016**

Dion Avant files this direct appeal from his aggregate judgment of sentence of 36-72 months' imprisonment for conspiracy to commit possession with intent to deliver, possession of a controlled substance and possession of drug paraphernalia.[1] For the following reasons, we quash this appeal as untimely.

On April 24, 2015, the trial court imposed sentence.[2] Prior to sentencing, Avant signed a post-sentence rights form advising him that he

---

[1] 18 Pa.C.S. § 903, 35 P.S. §§ 780-113(a)(16) and (a)(32), respectively.

[2] There is some confusion in the record as to whether the trial court imposed sentence on April 23, 2015 or April 24, 2015. The docket entries and judgment of sentence state that the date of sentence was April 24, 2015. The sentencing hearing transcript states that the sentencing hearing took place on April 23, 2015. For purposes of this appeal, we will resolve this
*(Footnote Continued Next Page)*

1

had 10 days to file post-sentence motions, and that if he did not file timely post-sentence motions, he had 30 days from the date of sentencing to file a direct appeal. During his sentencing hearing, Avant acknowledged that he had read the post-sentence rights form and understood his post-sentence rights. N.T., 4/23/15, at 66.

On May 13, 2015, Avant filed untimely post-sentence motions. **See** Pa.R.Crim.P. 720(a)(1) (except in circumstances not relevant here, defendant must file written post-sentence motions within 10 days after imposition of sentence). He did not seek leave to file untimely post-sentence motions *nunc pro tunc* or provide any reason for his untimely filing. On September 21, 2015, Avant filed a notice of appeal. In this appeal, he challenges the sufficiency of the evidence underlying his convictions.

We strictly construe time limitations for taking appeals, and we cannot extend time limits as a matter of grace. **Commonwealth v. Valentine**, 928 A.2d 346 (Pa.Super.2007). This Court can raise the matter *sua sponte,* because it involves our jurisdiction to entertain the appeal. **Id**. Absent extraordinary circumstances, this Court has no jurisdiction to entertain an untimely appeal. **See Commonwealth v. Burks**, 102 A.3d 497, 500 (Pa.Super.2014).

*(Footnote Continued)* ───────────

question in the light most favorable to Avant and deem the date of sentencing to be April 24, 2015.

Untimely post-sentence motions do not toll the appeal period. *Commonwealth v. Capaldi*, 112 A.3d 1242, 1244 (Pa.Super.2015). Because Avant's post-sentence motions did not toll the appeal period, he needed to file his appeal within 30 days of imposition of sentence, or by Monday, May 25, 2015.[3] Pa.R.Crim.P. 720(A)(2); Pa.R.A.P. 903(c)(3). Avant did not file his appeal until September 21, 2015, almost four months too late. The appeal is therefore untimely. No extraordinary circumstances, such as a breakdown in the court's operations, excused Avant's late filing. Indeed, the record shows that Avant was properly and thoroughly advised of the time for filing post-sentence motions and an appeal. Therefore, we must quash this appeal for lack of jurisdiction.

Appeal quashed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/8/2016

---

[3] May 24, 2015, the thirtieth day after April 24, 2015, fell on a Sunday. Therefore, Avant had until Monday, May 25, 2015 to file his notice of appeal. *See* 1 Pa.C.S. § 1908.