J-S74032-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| MANUEL FIGUEROA | |
| Appellant | No. 2978 EDA 2015 |

Appeal from the Judgment of Sentence April 22, 2013
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0005628-2011

BEFORE:  OTT, J., RANSOM, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY RANSOM, J.:                    **FILED NOVEMBER 17, 2016**

Appellant, Manuel Figueroa, appeals *nunc pro tunc* from the judgment of sentence of twenty and one-half to forty-two years' incarceration for Murder of the Third Degree and Recklessly Endangering Another Person (REAP).[1]  As Appellant's petition for relief, filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, was untimely and the PCRA court did not have jurisdiction to reinstate Appellant's direct appeal rights *nunc pro tunc*, we are constrained to quash the instant appeal.

The facts elicited at trial showed that, on September 18, 2011, Appellant shot Daniel Velez in the head, killing him.  **See** Notes of Testimony (N. T.), 1/22/13, at 64, 112, 141-44, 243; N. T., 1/23/13, at 26, 34.

---

[1] 18 Pa.C.S. § 2502(c) and 18 Pa.C.S. § 2705, respectively.

[*] Former Justice specially assigned to the Superior Court.

A jury trial commenced January 22, 2013, and concluded January 25, 2013; the jury convicted Appellant of the above-enumerated offenses. On April 22, 2013, the court sentenced Appellant to twenty to forty years' incarceration for third degree murder, and six months to twenty-four months' incarceration for REAP, to run consecutively.

The procedural history that follows is somewhat complicated. On May 2, 2013, Appellant *pro se* filed a motion for reconsideration of sentence, which the trial court denied May 3, 2013, on the grounds that Appellant was still represented by trial counsel.[2] **See** Pa.R.Crim.P. 576. Trial counsel, however, did not file post-sentence motions or a direct appeal, nor did he withdraw his appearance.

On May 22, 2013, Appellant *pro se* filed, in the trial court, a letter expressing a desire to preserve his appellate rights and requesting the withdrawal of trial counsel so that Appellant could pursue his appeal.

On June 4, 2013, the trial court entered an order noting that the time for Appellant's appeal had expired and appointing the Lehigh County Office

---

[2] We would first note that the denial of Appellant's *pro se* motion did not comport with Pa.R.Crim.P. 576(a)(4) ("Where a defendant submits for filing a written motion that has not been signed by the defendant's attorney, the clerk of courts shall accept it for filing, time stamp it with the date of receipt and make a docket entry reflecting the date of receipt, and place the document in the criminal case file. A copy of the time stamped document shall be forwarded to the defendant's attorney and the attorney for the Commonwealth within 10 days of receipt.") However, as the trial court did, in fact, deny the motion, Appellant's time to appeal ran June 2, 2013. However, as the date fell on a Sunday, his time to appeal was June 3, 2013.

of the Public Defender to represent Appellant during PCRA proceedings. ***See*** Trial Court Opinion, 11/30/15, at 2. At that time, trial counsel still had not withdrawn his appearance.

On June 12, 2013, and June 24, 2013, Appellant untimely filed *pro se* notices of appeal docketed at 1781 EDA 2013 and 1850 EDA 2013, respectively. Ultimately the appeal docketed at 1781 EDA 2013 was discontinued by order of this Court filed March 17, 2014. The appeal docketed at 1850 EDA 2013 proceeded.

On July 23, 2013, trial counsel filed in this Court a motion to withdraw as counsel, averring that, pursuant to his written retainer agreement, he had agreed to represent Appellant up and through the time of trial and/or guilty plea. The retainer did not extend to post-sentence motions, appeals, or collateral proceedings. This Court granted trial counsel's motion and permitted him to withdraw his appearance. Subsequently, the Lehigh County Public Defender's Office entered its appearance on Appellant's behalf.

On December 2, 2013, appellate counsel filed an application for remand, averring that he had spoken with Appellant and that, against counsel's advice, Appellant wished to represent himself. This Court remanded the matter to the trial court for a ***Grazier***[3] hearing and ordered the trial court to notify this Court of its determination within sixty days. On

---

[3] ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998).

February 7, 2014, the trial court notified this Court of the results of the *Grazier* hearing, namely, that Appellant had requested the continued representation of the Office of the Public Defender. TCO at 2.

On June 4, 2014, Appellant's time to file a PCRA petition expired. *See Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007) (noting that any PCRA petition, including a second and subsequent petition, must be filed within one year of the date the judgment of sentence becomes final); *see also* 42 Pa.C.S. § 9545(b)(1).

On August 19, 2014, a panel of this Court quashed Appellant's direct appeal as untimely; however, it noted in a footnote the quashal was without prejudice for Appellant to seek reinstatement of his appellate rights through PCRA review. *See Commonwealth v. Figueroa*, 106 A.3d 164 (Pa. Super. 2014) (unpublished memorandum), *appeal denied*, 105 A.3d 735 (Pa. 2014).

On February 20, 2015, Appellant filed a counseled petition seeking PCRA relief.[4] Appellant then filed an amended petition. On July 31, 2015, the parties stipulated that Appellant's rights should be reinstated, and the PCRA court granted the petition. On August 7, 2015, counsel filed post-sentence motions, which the court denied September 22, 2015.

---

[4] After counsel had filed a PCRA petition, Appellant *pro se* filed a PCRA petition, which the trial court dismissed on February 27, 2015.

Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) statement. The trial court issued a responsive opinion on November 30, 2015.

Herein, Appellant presents two issues for our review:

A. Whether the evidence was sufficient to sustain the defendant's convictions for murder in the third degree and recklessly endangering another person.

B. Was the verdict against the weight of all the evidence in regards to the proof of whether or not the defendant was properly convicted of murder in the third degree and recklessly endangering another person?

Appellant's Brief at 8.

However, we begin by addressing the timeliness of Appellant's petition, as the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of his claims. *See Bennett*, 930 A.2d at 1267. Under the PCRA, any petition for relief, including second and subsequent petitions, must be filed within one year of the date on which the judgment of sentence becomes final. *Id*. Where an untimely direct appeal is filed, the time for filing a PCRA petition commences upon expiration of the time period allowed for seeking direct review, not from when the date the untimely appeal is quashed. *Commonwealth v. Brown*, 943 A.2d 265, 268 (Pa. 2008). Where a PCRA petition is untimely filed, a PCRA court does not have jurisdiction to restore a petitioner's appellate rights *nunc pro tunc*. *See Commonwealth v. Valentine*, 928 A.2d 346, 349 (Pa. Super. 2007).

> There are three exceptions to this jurisdictional time bar:
>
> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii); *see Bennett*, 930 A.2d at 1267. Any petition attempting to invoke these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2); *see Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 783 (Pa. 2000).

In the instant case, Appellant's sentence became final at the expiration of his time for direct review, which was June 3, 2013. Appellant thus had until June 3, 2014, to file a PCRA petition. Appellant did not file a petition until February 20, 2015, and that petition is patently untimely. Appellant acknowledged this but averred that the exception delineated by 42 Pa.C.S. § 9545(b)(1)(ii) applied, as this Court's decision to quash Appellant's direct appeal, and the Supreme Court's subsequent decision to deny his petition for allowance of appeal, were facts unknown to him.

Appellant is incorrect. Judicial decisions are not newly-discovered facts within the exception to the time-bar applicable in proceedings under

- 6 -

the PCRA.  ***See Commonwealth v. Watts***, 611 Pa. 80, 23 A.3d 980, 986 (2011) ("[S]ection 9545(b)(1)(ii) applies only if the petitioner has uncovered facts that could not have been ascertained through due diligence, and judicial determinations are not facts."); ***Commonwealth v. Brandon***, 51 A.3d 231, 235 (Pa. Super. 2012) (same).

Consequently, we are constrained to quash the instant appeal, as the PCRA court did not have jurisdiction to grant PCRA relief.  Appellant filed his PCRA petition more than one year after his judgment of sentence became final and failed to plead or prove a statutory timeliness exception.  ***See*** 42 Pa.C.S. § 9545(b)(1); ***Bennett***, ***supra***.

Appeal quashed.

President Judge Emeritus Stevens joins the memorandum.

Judge Ott files a concurring statement in which President Judge Emeritus Stevens joins.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/17/2016