J-S01003-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| LUIS FELIPE MELENDEZ | : | |
| | : | |
| Appellant | : | No. 1170 MDA 2016 |

Appeal from the Order Entered June 6, 2016
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0000136-2002

BEFORE: GANTMAN, P.J., DUBOW, J., and MUSMANNO, J.

JUDGMENT ORDER BY GANTMAN, P.J.:             **FILED JANUARY 27, 2017**

Appellant, Luis Felipe Melendez, appeals from the order entered in the Berks County Court of Common Pleas, which denied his *pro se* "motion for relief." On June 4, 2002, a jury convicted Appellant of attempted murder, kidnapping, terroristic threats, and related offenses. On June 14, 2002, the court sentenced Appellant to an aggregate term of thirty-five (35) to seventy (70) years' imprisonment, which included several consecutive sentences. This Court affirmed the judgment of sentence on August 24, 2004, and Appellant did not seek further review with our Supreme Court. *See Commonwealth v. Melendez-Rodriguez*, 856 A.2d 1278 (Pa.Super. 2004).

Appellant timely filed a *pro se* PCRA petition on February 9, 2005. On February 15, 2005, the court appointed counsel, who filed a *Turner*/*Finley*

"no-merit" letter on July 24, 2006. The court granted appointed counsel's petition to withdraw and issued Rule 907 notice on March 2, 2007. On April 10, 2007, the court dismissed Appellant's petition. On May 20, 2016, Appellant filed the current *pro se* "motion for relief." The court treated the motion as a PCRA petition and denied relief on June 6, 2016. Appellant filed a notice of appeal on July 15, 2016. No Rule 1925(b) statement was ordered or filed. On August 19, 2016, this Court directed Appellant to show cause why his appeal should not be dismissed as untimely. Appellant's *pro se* response, filed September 2, 2016, argued his lack of access to the prison library caused the late filing of his notice of appeal. On September 6, 2016, this Court discharged the rule to show cause order and deferred the timeliness issue to the merits panel.

Generally, a notice of appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a). The notice of appeal shall be filed with the clerk of the trial court; "[u]pon receipt of the notice of appeal the clerk shall immediately stamp it with the date of receipt, and that date shall constitute the date when the appeal was taken, which date shall be shown on the docket." Pa.R.A.P. 905(a)(3). Time limitations for taking appeals are strictly construed and cannot be extended as a matter of grace. **Commonwealth v. Valentine**, 928 A.2d 346 (Pa.Super. 2007). This Court can raise the matter *sua sponte*, as the issue is one of jurisdiction to entertain the appeal. **Id.** This Court has no

jurisdiction to entertain an untimely appeal. ***Commonwealth v. Patterson***, 940 A.2d 493 (Pa.Super. 2007), *appeal denied*, 599 Pa. 691, 960 A.2d 838 (2008). Generally, an appellate court may not enlarge the time for filing a notice of appeal. Pa.R.A.P. 105(b). Extension of the filing period is permitted only in extraordinary circumstances, such as fraud or some breakdown in the court's operation. ***Commonwealth v. Braykovich***, 664 A.2d 133 (Pa.Super. 1995), *appeal denied*, 544 Pa. 622, 675 A.2d 1242 (1996).

Instantly, the court entered the order on appeal on June 6, 2016, with service of the order on June 7, 2016. Thus, Appellant's notice of appeal was due thirty days later, on or before July 7, 2016. ***See*** Pa.R.A.P. 903(a). Nevertheless, Appellant's notice of appeal was not postmarked until July 13, 2016; and the clerk of courts did not receive it for filing until July 15, 2016. Nothing in the record suggests Appellant handed the notice of appeal to prison authorities for mailing on or before July 7, 2016, such that he could benefit from the prisoner mailbox rule.[1] Additionally, the record contains no extraordinary circumstances such as a breakdown in the operation of the court to excuse Appellant's untimely filing. ***See Braykovich, supra***. Appellant's failure to file his notice of appeal by the thirtieth day divests this

---

[1] ***See Commonwealth v. Chambers***, 35 A.3d 34 (Pa.Super. 2011), *appeal denied*, 616 Pa. 625, 46 A.3d 715 (2012) (explaining prisoner mailbox rule provides that *pro se* prisoner's document deemed filed on date he delivers it to prison authorities for mailing).

Court of jurisdiction to review it. **See** Pa.R.A.P. 905(a)(3); ***Patterson, supra***. Accordingly, we dismiss this appeal as untimely filed.

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/27/2017