J-A30009-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| RODRIGO M. ALVARADO | |
| Appellant | No. 1949 MDA 2015 |

Appeal from the Judgment of Sentence August 18, 2015
In the Court of Common Pleas of Cumberland County
Criminal Division at No(s): CP-21-CR-0002058-2013

BEFORE: BOWES, OLSON AND STABILE, JJ.

MEMORANDUM BY BOWES, J.:                    **FILED APRIL 07, 2017**

Rodrigo M. Alvarado appeals from the August 18, 2015 judgment of sentence imposed following his conviction of aggravated indecent assault of a child, aggravated indecent assault, and two counts each of corruption of minors and indecent assault. We affirm.

We summarize the facts from the certified record. The convictions stem from Appellant's repeated sexual assault of his minor nieces, K.C. and G.Z., over a period of years. At the time of the first incident, K.C. was five years old. While she was practicing her cheerleading at Appellant's home, he told her to remove her clothes. She complied until he directed her to remove her underwear. At that point, she refused as she felt uncomfortable.

On another occasion around that same time, Appellant removed his own clothes, and entered the bathtub with K.C. and began to wash her body. Later, when K.C. was in the fourth grade, there were four or five incidents during weekend visits to Appellant's home where Appellant removed his clothes and entered the shower with K.C. and washed her back and posterior. When she was ten or eleven years of age, Appellant brought her into his bed and massaged her while he was physically aroused. On all of the aforementioned occasions, K.C. felt uncomfortable, but she did not tell anyone for fear of the effect upon her family.

By the time K.C. was twelve or thirteen years old, she no longer wanted to go to Appellant's home. Approximately three years later, she confided in her boyfriend about the incidents. It was about one year later, during her junior and senior years in high school, that K.C. learned from her sister that she too had been a victim of Appellant's abuse. K.C. wrote a letter to her mother detailing Appellant's sexual assaults. At the time of trial, K.C. was nineteen years of age.

G.Z., age fourteen at the time of trial, testified about two incidents when Appellant touched her inappropriately. During a game of monster in the basement of Appellant's home when she was nine or ten years old, Appellant touched her breasts and led her into a laundry room where he instructed her to remove her underwear. He digitally penetrated her vaginally but stopped when she told him he was hurting her. The second

incident occurred when she was eleven or twelve. Appellant told her to get in the shower and he followed, naked, and washed her back. She was uncomfortable and asked him to stop after a couple of minutes. G.Z. testified that she did not report the abuse as she feared it would ruin her relationship with her cousins who resided with Appellant. When she eventually told K.C., the abuse was reported to authorities and criminal charges were filed.

Appellant denied the allegations and maintained that the lock on the bathroom door was difficult to unlock from the outside. His wife disputed that the basement area where the abuse allegedly occurred was used as a play area and denied all knowledge of any assaults. Several character witnesses testified to Appellant's reputation for truthfulness. The jury found Appellant guilty of the above-delineated charges.

On August 18, 2015, the court sentenced Appellant to an aggregate sentence of seven to twenty years imprisonment followed by five years of probation. Thereafter, Appellant filed a timely post-sentence motion on August 26, 2015, which the court denied by order dated September 30, 2015. Appellant filed the within appeal on November 5, 2015. He raises two issues:

> I. Did the trial court err in denying Appellant's motion for a new trial when the verdicts were against the weight of the evidence?

II. Did the trial court err in precluding Appellant from questioning the alleged victims regarding their refusal to submit to a medical exam on the basis that such testimony was irrelevant?

Appellant's brief at 8.

Preliminarily, the Commonwealth contends that this Court lacks jurisdiction to hear the within appeal as Appellant's notice of appeal was filed thirty-seven days after the order denying his post-sentence motion. It relies upon Pa.R.Crim.P. 720(1)–(2)(a), which provides that an appeal must be filed within thirty days from the entry of the order deciding the post-sentence motion. The Commonwealth cites our decision in **_Commonwealth v. Valentine_**, 928 A.2d 346, 349 (Pa.Super. 2007), for the proposition that time limitations on appeal are to be strictly construed absent a breakdown in the operation of the courts.

Our review of the certified record reveals that the trial court's order denying Appellant's post-sentence motion, although dated September 30, 2015, was not docketed in the record until October 9, 2015. Thus, Appellant's notice of appeal filed on November 5, 2015 was timely, and this Court has jurisdiction to entertain the within appeal. **_See_** Pa.R.A.P. 301(a) ("[N]o order of a court should be appealable until it has been entered in the appropriate docket in the lower court."); **_see also_** Pa.R.A.P. 903(a) ("[T]he notice of appeal . . . should be filed within 30 days after **entry** of the order from which the appeal is taken.") (emphasis added).

- 4 -

Appellant's first issue presents a challenge to the weight of the evidence, which was preserved in a timely filed post-sentence motion and addressed by the trial court in its Pa.R.A.P. 1925(a) opinion. At trial, "[t]he weight given to trial evidence is a choice for the factfinder. If the factfinder returns a guilty verdict, and if a criminal defendant then files a motion for a new trial on the basis that the verdict was against the weight of the evidence, a trial court is not to grant relief unless the verdict is so contrary to the evidence as to shock one's sense of justice." *Commonwealth v. Ferguson*, 107 A.3d 206, 212-13 (Pa.Super. 2015).

> When a trial court denies a weight-of-the-evidence motion, and when an appellant then appeals that ruling to this Court, our review is limited. It is important to understand we do not reach the underlying question of whether the verdict was, in fact, against the weight of the evidence. We do not decide how we would have ruled on the motion and then simply replace our own judgment for that of the trial court. Instead, this Court determines whether the trial court abused its discretion in reaching whatever decision it made on the motion, whether or not that decision is the one we might have made in the first instance.

*Id*. at 213 (citations omitted). An abuse of discretion by a trial court is not merely an error in judgment, but "bias, partiality, prejudice, ill will, manifest unreasonableness or a misapplication of the law." *Id*.

Appellant claims that the Commonwealth's evidence was "inconsistent and overly vague." Appellant's brief at 21. He points to the fact that the teenage victims were unable to remember the timing of the incidents of abuse or the details of the events leading up to the occurrences. Appellant

focuses on discrepancies in the victims' factual accounts and argues that they undermined the credibility of those witnesses, and that his witnesses should be deemed more believable. Thus, he contends that it was manifestly unreasonable for the trial court to find that the verdict did not shock one's sense of justice.

The trial court noted that defense counsel "ably cross examined both victims to expose the infirmities of their memories." Trial Court Opinion, 3/1/16, at 5. While the teenage victims' recollections of the abuse were "not perfect," it "found their testimony credible and persuasive." *Id*. The contrary evidence offered by the defense was "simply not so weighty as to counterbalance the credible victim testimony." *Id*. The trial court concluded that the verdicts did not shock its conscience and that they should not be disturbed on appeal. We find no abuse of discretion on the part of the trial court and, hence, no basis to disturb its finding that the verdicts were not against the weight of the evidence.

Appellant's second contention is that the trial court erred by precluding him from cross-examining G.Z. and K.C. regarding their refusal to submit to a medical examination.[1] The impeachment was deemed irrelevant.

---

[1] The record reveals that K.C. testified prior to G.Z., and Appellant did not question K.C. about her refusal to submit to a medical examination. Thus, we limit Appellant's argument to G.Z. only.

It is well settled that, "[a]dmission of evidence is within the sound discretion of the trial court and will be reversed only upon a showing that the trial court clearly abused its discretion." *Commonwealth v. Tyson*, 119 A.3d 353, 357-58 (Pa.Super. 2015). Furthermore,

> Admissibility depends on relevance and probative value. Evidence is relevant if it logically tends to establish a material fact in the case, tends to make a fact at issue more or less probable or supports a reasonable inference or presumption regarding a material fact.

*Commonwealth v. Drumheller*, 808 A.2d 893, 904 (Pa. 2002) (citation omitted). Additionally, this ruling limited the scope of cross-examination. The trial court has broad discretion "to determine the scope and limits of cross-examination and that this Court cannot reverse those findings absent a clear abuse of discretion or an error of law." *Commonwealth v. Rivera*, 983 A.2d 1211 (Pa. 2009) (quoting *Commonwealth v. Nolen*, 634 A.2d 192, 195 (Pa. 1993)).

Appellant contends that G.Z.'s refusal to submit to a medical examination was relevant as it would support a reasonable inference that the accusations were fabricated and that there was no evidence of trauma. The Commonwealth argues that the issue should be deemed waived since Appellant failed to develop this argument or cite any pertinent authority in support of his position. *See Commonwealth v. Walter*, 966 A.2d 560, 566 (Pa. 2009) (issue waived for failure to preserve it below and develop it on appeal). We decline to find waiver on this basis. Secondly, the

Commonwealth contends that the trial court properly exercised its discretion to preclude inquiry into an irrelevant matter.

The issue arose during the cross-examination of G.Z. Defense counsel asked her whether, during her conversation with the nurse at the Child Resource Center, she was asked or encouraged to have a medical examination. N.T., 5/11-13/15, at 154. The Commonwealth objected, and discussion followed at sidebar. Defense counsel informed the court that she intended to elicit testimony from G.Z. that she refused a medical examination. *Id*. at 155. Counsel represented further that K.C. had also refused a medical examination. *Id*. The Commonwealth argued that this fact was irrelevant and victim-blaming. *Id*. The court agreed the evidence was irrelevant and sustained the objection on that basis. The Commonwealth added that neither party had a medical expert ready to testify about the nature or likelihood of such injuries or whether trauma would have been detectable years after the abuse.

Appellant has failed to demonstrate an abuse of discretion on the part of the trial court. The trial court found that G.Z.'s refusal to submit to a medical examination years after the abuse had "remarkably low probative value[,]" which would be far outweighed by the danger of unfair prejudice. It declined to impute knowledge to G.Z., who was fourteen years old at the time, that there could have been evidence of scarring years after the molestation. We find no abuse of discretion in the trial court's rationale for

precluding this line of inquiry. In addition, without expert medical testimony establishing that a medical examination performed years after the molestation likely would reveal physical evidence of such abuse, such an inference was not present.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/7/2017