J-S66019-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHARLTON EARL JENNINGS, | : | |
| | : | No. 94 WDA 2017 |
| Appellant | | |

Appeal from the PCRA Order October 14, 2016
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0002406-2000

BEFORE:   BENDER, P.J.E., DUBOW, J., and PLATT*, J.

JUDGMENT ORDER BY DUBOW, J.:                FILED NOVEMBER 17, 2017

Appellant, Charlton Earl Jennings, appeals pro se from the Order entered in the Erie County Court of Common Pleas dismissing his third Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. We affirm.

On March 24, 2001, a jury convicted Appellant of numerous offenses, including attempted homicide.  The court sentenced Appellant to an aggregate term of 34½ to 71 years' imprisonment, and after the denial of his Post-Trial Motion, Appellant appealed to this Court.  We affirmed his Judgment of Sentence on March 17, 2003. Commonwealth v. Jennings, 823 A.2d 1025 (Pa. Super. 2003) (unpublished memorandum), and Appellant did not seek

_____
*   Retired Senior Judge assigned to the Superior Court.

further appellate review. Thus, his Judgment of Sentence became final on April 16, 2003.[1]

Appellant filed unsuccessful PCRA Petitions in 2004 and 2010. On August 2, 2016, Appellant filed the instant pro se PCRA Petition, his third, in which he invokes the "newly discovered facts" timeliness exception provided in 42 Pa.C.S. § 9545(b)(1)(ii) to claim that the court sentenced him to an illegal mandatory minimum pursuant to 42 Pa.C.S. § 9712. On August 26, 2016, the PCRA court issued an Opinion and Notice of Intent to Dismiss Appellant's Petition without a hearing pursuant to Pa.R.Crim.P. 907. The court noted that Appellant's Petition was facially untimely, and that Appellant failed to prove an applicable exception to the time-bar. Significantly, the court also noted that Appellant had not received a mandatory minimum sentence.

In response, on October 10, 2016, Appellant filed an Amended PCRA Petition, reiterating his illegal sentence claim and attempting to invoke all of the PCRA time-bar exceptions set forth at 42 Pa.C.S. § 9545(b)(1).

Also on October 10, 2016, Appellant filed a Notice of Appeal, indicating on the first page that he was appealing from the undated "judgment of sentence in this matter[,]" and on the second page indicating that he was appealing from the "Order entered in this matter on [ ] OCT, 2016." Notice

_____

[1] See 42 Pa.C.S. § 9545(b)(3) (mandating that a Judgment of Sentence becomes final at the conclusion of direct review or the expiration of the time for seeking review); Pa.R.A.P. 1113(a) (stating "a petition for allowance of appeal shall be filed with the Prothonotary of the Supreme Court within 30 days after entry of the order of the Superior Court sought to be reviewed.").

of Appeal, dated 10/10/16, at 1. The lower court docket contains an October 10, 2016 notation indicating that the PCRA court returned Appellant's Notice of Appeal for corrections because, inter alia, Appellant had failed to indicate the date of the Order from which he intended to appeal. The certified record contains copies of two identical letters dated October 11, 2016, from the Erie County Clerk of Courts to Appellant advising him that the clerk's office could not process his appeal because his errors.

On October 14, 2016, the PCRA Court dismissed Appellant's third PCRA Petition.

On October 24, 2016, and November 24, 2016, the Erie County Clerk of Courts again sent letters to Appellant informing him that his October 10, 2016 Notice of Appeal was defective. On December 23, 2016, Appellant filed another defective Notice of Appeal identical to the one he filed on October 10, 2016.

On January 12, 2017, Appellant filed a Notice of Appeal Nunc Pro Tunc from the October 14, 2016 Order dismissing his PCRA Petition. Appellant had not sought, nor did the court grant, leave to file a Notice of Appeal nunc pro tunc. On March 13, 2017, this Court issued a Rule to Show Cause why this appeal should not be quashed as untimely. Appellant responded and this Court discharged the Rule to Show Cause deferring the issue of the timeliness of this appeal to this panel. Therefore, we must first determine whether the appeal was timely filed in order to establish our jurisdiction. Commonwealth

v. Green, 862 A.2d 613, 615 (Pa. Super. 2004) ("Jurisdiction is vested in the Superior Court upon the filing of a timely [N]otice of [A]ppeal").

The PCRA court dismissed Appellant's PCRA Petition on October 14, 2016. Therefore, Appellant had until November 14, 2016,[2] to file his Notice of Appeal. See Pa.R.A.P. 903(a)(an appeal must be filed within thirty days after entry of the order being appealed); see also Commonwealth v. Valentine, 928 A.2d 346, 349 (Pa. Super. 2007) (holding that, absent a breakdown in the operations of the court, a court cannot enlarge the time period for an appeal); Pa.R.A.P. 105 (b). This Court's review of the certified record indicates that, notwithstanding the Erie County Clerk of Court's repeated efforts, Appellant did not perfect his Notice of Appeal until January 12, 2017, almost three months after the PCRA court denied his Petition.

Appellant did not allege a breakdown in court operations in his Response to our Rule to Show Cause to explain or excuse his delay in filing his Notice of Appeal, and our review reveals none. Therefore, Appellant's Notice of Appeal is untimely, and we are without jurisdiction to consider the issues raised in this appeal. Accordingly, we affirm.

Order affirmed.

_____

[2] November 13, 2016, was a Sunday.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/17/2017