J-S18018-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| THOMAS WOOD | : | |
| | : | |
| Appellant | : | No. 136 EDA 2022 |

Appeal from the Judgment of Sentence Entered July 14, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0012382-2012

BEFORE:   PANELLA, P.J., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY DUBOW, J.:                     **FILED JULY 20, 2023**

Appellant, Thomas Wood, appeals from the July 14, 2021 Judgment of Sentence entered in the Philadelphia County Court of Common Pleas following his violation of probation.  We dismiss this appeal as untimely.

The relevant facts and procedural history are as follows.  On August 14, 2012, police arrested Appellant after observing him engage in an open-air drug transaction.  The Commonwealth subsequently charged Appellant with Possession with Intent to Deliver Controlled Substances ("PWID") and Possession of a Controlled Substance, and on April 9, 2014, the trial court convicted Appellant of those offenses.

On July 18, 2014, the court sentenced Appellant to a term of 30-60 months' incarceration followed by a consecutive term of three years' probation

---

[*] Former Justice specially assigned to the Superior Court.

for his PWID conviction. Appellant's Possession of a Controlled Substance conviction merged with his PWID conviction for purposes of sentencing.[1] Appellant timely appealed from his judgment of sentence, and, on May 20, 2015, this Court affirmed.[2] *See Commonwealth v. Wood*, 122 A.3d 453 (Pa. Super. 2015) (unpublished memorandum).

Appellant served his maximum sentence. Following Appellant's release from prison and the commencement of his probationary sentence, the probation department reported that Appellant had committed numerous technical violations of his probation.

On July 14, 2021, the VOP court held a hearing, after which it determined that Appellant had violated the terms of his probation.[3] The court sentenced Appellant to a term of 18-60 months' incarceration with credit for time served. At the VOP court's direction, Appellant's counsel explained to Appellant on the record that "[y]ou have ten days to ask this [c]ourt to reconsider and 30 days to appeal. Both must be done in writing. As your

---

[1] Appellant was not able to post bail and, therefore, at the time of sentencing, had already been in jail for 23 months.

[2] Appellant also sought collateral review of his Judgment of Sentence, which failed to garner him relief.

[3] The technical violations found by the VOP court included: (1) testing positive for marijuana on October 14, 2020; (2) testing positive for marijuana and cocaine on May 5, 2021; (3) a reported discrepancy regarding Appellant's housing and employment; (4) assaulting his girlfriend, stealing her jewelry, and vandalizing her home; and (5) being photographed in possession of a firearm.

attorney, I can do that for you. If you can't afford an attorney, one will be appointed." N.T., 7/14/21, at 60.

On July 15, 2021, Appellant filed a Motion for Reconsideration of Sentence. More than two months later, on September 28, 2021, Appellant filed a Supplemental Motion for Reconsideration of Sentence. After numerous delays and a hearing on Appellant's motion, on November 8, 2021, the VOP court denied Appellant's request to modify his sentence. On December 20, 2021, Appellant filed a notice of appeal to this Court.

Before we address Appellant's claims, we consider whether we have jurisdiction over this matter.

It is axiomatic that this Court has no jurisdiction to entertain an untimely appeal. *Commonwealth v. Patterson*, 940 A.2d 493, 497 (Pa. Super. 2007). Pennsylvania Rule of Appellate Procedure 903 provides: "Except as otherwise prescribed by this rule, the notice of appeal…shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a). Time limitations for taking appeals "are strictly construed and cannot be extended as a matter of grace." *Commonwealth v. Valentine*, 928 A.2d 346, 349 (Pa. Super. 2007). Generally, an appellate court may not enlarge the time for filing a notice of appeal. Pa.R.A.P. 105(b). Extension of the filing period is permitted only in extraordinary circumstances, such as fraud or a breakdown in the court's operation. *Commonwealth v. Braykovich*, 664 A.2d 133, 136 (Pa. Super. 1995).

Here, the VOP court sentenced Appellant on July 14, 2021. On July 15, 2021, Appellant filed a timely motion to modify sentence pursuant to Pa.R.Crim.P. 708(E) (explaining that, in a revocation proceeding, a defendant may request modification of a sentence imposed after revocation within 10 days of the imposition of sentence). Rule 708(E) further provides that "[t]he filing of a motion to modify sentence will not toll the 30-day appeal period." Nevertheless, Appellant did not file a notice of appeal to this court until December 20, 2021.

In its Rule 1925(a) Opinion, the VOP court has urged this Court to excuse Appellant's untimely notice of appeal because of an alleged breakdown in the operation of the court, namely the court's failure to correct Appellant's counsel when counsel neglected to advise Appellant on the record at the VOP hearing that filing a motion to modify sentence does not toll the appeal period.

Pa.R.Crim.P. 708(D) requires the VOP court to "advise the defendant on the record [] of the right to file a motion to modify sentence and to appeal, of the time within which the defendant must exercise those rights, and of the right to assistance of counsel in the preparation of the motion and appeal[.]" Pa.R.Crim.P. 708(D)(3)(a).

As set forth above, the notes of testimony from the VOP hearing reflect that, at the court's direction, counsel advised Appellant that "[y]ou have ten days to ask this [c]ourt to reconsider and 30 days to appeal. Both must be done in writing. As your attorney, I can do that for you. If you can't afford an attorney, one will be appointed." N.T., 7/14/21, at 60.

- 4 -

Following our review, we conclude that counsel's statement of Appellant's appellate rights comported with the requirements of Rule 708(D)(3)(a). Accordingly, we find that no breakdown in the operation of the court prevented Appellant from filing a timely notice of appeal in accordance with Pa.R.A.P. 903(a).

Appeal dismissed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 7/20/2023*