J-A03008-25, J-A03009-25, J-A03010-25, J-A03011-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| MRWAN MOHAMED | : | No. 2289 EDA 2023 |

Appeal from the Order Entered August 22, 2023
In the Court of Common Pleas of Montgomery County
Criminal Division at No: CP-46-CR-0005838-2022

_____

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| DARREN TALBERT | : | No. 2290 EDA 2023 |

Appeal from the Order Entered August 22, 2023
In the Court of Common Pleas of Montgomery County
Criminal Division at No: CP-46-CR-0007120-2022

_____

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| MRWAN MOHAMED | : | No. 2407 EDA 2023 |

Appeal from the Order Entered August 28, 2023
In the Court of Common Pleas of Montgomery County
Criminal Division at No: CP-46-CR-0005838-2022

_____

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                               :        PENNSYLVANIA
            Appellant          :
                               :
                               :
                               :
        v.                     :
                               :
                               :
                               :
DARREN TALBERT                 :   No. 2408 EDA 2023

Appeal from the Order Entered August 28, 2023
In the Court of Common Pleas of Montgomery County
Criminal Division at No: CP-46-CR-0007120-2022

BEFORE:  STABILE, J., McLAUGHLIN, J., and LANE, J.

MEMORANDUM BY STABILE, J.:                    **FILED SEPTEMBER 2, 2025**

The Commonwealth appeals in the above-captioned cases from orders transferring venue from Montgomery County to Philadelphia County. We consolidate these appeals pursuant to Pa.R.A.P. 513, and we quash all appeals as untimely.

Appellees, Mrwan Mohamed and Darren Talbert, were charged as participants in a drug operation encompassing both Montgomery and Philadelphia Counties. Citing Pa.R.Crim.P. 584, Appellees filed motions for a change of venue to transfer the cases to Philadelphia on the ground that the alleged crimes took place in Philadelphia. On August 22, 2023, following a hearing, the trial court entered an order in each case stating that "upon consideration of Defendant's Motion to Change Venue . . . IT IS hereby ORDERED and DECREED that Defendant's Motion is GRANTED and this case is

- 2 -

transferred from Montgomery County to Philadelphia County." Order, 8/22/23.

On August 23, 2023, the Commonwealth filed a motion for reconsideration in both cases. While most of the motion focused on why Montgomery County was the proper venue, a single paragraph in the motion asserted that "the record is devoid of any allegations that these defendants could not receive a fair and impartial trial in Montgomery County as required by [Rule 584]." Commonwealth's Motion to Reconsider, 8/23/23, at 3. The Commonwealth did not cite any other rule of criminal procedure in its motion for reconsideration.

On August 28, 2023, the trial court entered an order in each case stating:

> [U]pon the court's transfer of this matter from the Montgomery County Court of Common Pleas to the Philadelphia County Court of Common Pleas, IT IS hereby ORDERED and DECREED that the Montgomery County Clerk of Courts shall forward the case file and all case materials to the Philadelphia County Clerk of Courts so that the matter can be registered within the Philadelphia County system.

Order, 8/28/23.

On September 8, 2023, the Commonwealth filed notices of appeal in each case from the August 22, 2023, transfer orders. Each notice of appeal stated, "This appeal is taken pursuant to Pa.R.A.P. 311(a)(3), which permits an appeal as of right from an order changing venue or venire in a criminal proceeding." This Court docketed these appeals at 2289 and 2290 EDA 2023.

On September 11, 2023, this Court entered an order at 2289 and 2290 EDA 2023 directing the Commonwealth to show cause as to why the appeals should not be quashed as untimely. Our order cited Pa.R.A.P. 903(c)(1)(i), which provides that "an appeal from any of the following orders shall be taken within ten days after the entry of the order from which the appeal is taken: [ ] An order changing venue or venire in a criminal proceeding."

On September 15, 2023, the Commonwealth filed notices of appeal from the orders entered on August 28, 2023. This Court docketed these appeals at 2407 and 2408 EDA 2023.

On September 18, 2023, the Commonwealth filed a response to our order to show cause at 2289 and 2290 EDA 2023 claiming it made a mistake by invoking Pa.R.A.P. 311(a)(3) in its notices of appeal. The Commonwealth claimed that the trial court's order could not be classified as a venue change order because the proceedings did not involve whether Appellees could be tried fairly in Montgomery County but, rather, involved whether any of the elements of the crime took place in Montgomery County. The Commonwealth added that the trial court did not follow proper procedures under Pa.R.Crim.P. 584, because a venue change under this rule required the trial court to certify the matter to the Supreme Court of Pennsylvania, after which only the Supreme Court could designate the transferee county.

On September 19, 2023, the Commonwealth filed amended notices of appeal from the August 22, 2023, orders. Unlike the original notices of appeal,

the amended notices of appeal did not state that the Commonwealth was appealing under Pa.R.A.P. 311(a)(3).

On May 23, 2024, without requesting the Commonwealth to file a statement of matters complained of on appeal, the trial court filed an opinion recommending that this Court quash all appeals. The court observed:

> [T]he court issued its Orders granting [Appellees'] Motions to Change Venue on August 22, 2023. Pursuant to Pa.R.A.P. 903(c)(1)(i), the Commonwealth was required to file any notice of appeal within ten (10) days of the entry of these Orders, *i.e.*, on or before September 1, 2023. The Commonwealth did not file its notices of appeal until September 8, 2023 . . . On September 15, 2023, the Commonwealth filed additional notices of appeal with respect to the August 28, 2023 administrative Orders transferring the case files to the Philadelphia County Court of Common Pleas. Notably, even if the August 28, 2023 administrative Orders constitute appealable orders, the September 15, 2023 notices of appeal again were not filed within the mandated ten (10) day appeal period set forth under Pa.R.A.P. 903(c)(1)(i). On September 19, 2023, the Commonwealth filed amended notices of appeal with respect to the court's August 22, 2023 Orders which were also not filed within the mandated ten (10) day appeal period set forth under Pa.R.A.P. 903(c)(1)(i).

Opinion, 5/23/24, at 5.

The Commonwealth raises the same three issues in each of these appeals:

> 1. Did the Montgomery County Court have jurisdiction to preside over these cases?
>
> 2. Did the trial court improperly transfer venue to Philadelphia?
>
> 3. Was venue was proper in Montgomery County?

***See***, ***e.g.***, Commonwealth's Brief at 2289 EDA 2023, at 4.

- 5 -

Before addressing these issues, however, we must first examine the jurisdictional question of whether the Commonwealth's four appeals are timely. "Absent a breakdown in operations of the court, the time limitations for taking appeals are strictly construed and cannot be extended as a matter of grace." *Commonwealth v. Valentine*, 928 A.2d 346 (Pa. Super. 2007). "Jurisdiction is vested in the Superior Court upon the filing of a timely notice of appeal." *Commonwealth v. Patterson*, 940 A.3d 493, 497 (Pa. Super. 2007). The Superior Court "has no jurisdiction to consider untimely appeals." *Commonwealth v. Capaldi*, 112 A.3d 1242, 1244 (Pa. Super. 2015).

Contrary to the Commonwealth's claim in its response to our order to show cause, the August 22, 2023, orders clearly were venue change orders, because the orders expressly stated that the "Motion to **Change Venue**" was granted and that the case was "transferred from Montgomery County to Philadelphia County." The Commonwealth's attempt to characterize this language as something other than a venue transfer order is simply untenable.

Furthermore, the trial court correctly reasoned that these appeals are untimely. Pennsylvania Rule of Appellate Procedure 903 provides:

> (a) *General rule.* Except as otherwise prescribed by this rule, the notice of appeal required by Rule 902 (manner of taking appeal) shall be filed within 30 days after the entry of the order from which the appeal is taken.
>
> \* \* \*
>
> (c) *Special provisions.* Notwithstanding any other provision of this rule:

> (1) An appeal from any of the following orders shall be taken **within ten days after the entry of the order** from which the appeal is taken:
>
> > (i)   An order changing venue or venire in a criminal proceeding.   See Rule 311(a)(3) (change of criminal venue or venire).

Pa.R.A.P. 903.  (Emphasis added).

In the first two appeals at 2289 and 2290 EDA 2023, the Commonwealth filed notices of appeal on September 8, 2023, seventeen days after August 22, 2023, the date of entry of the order transferring venue.  Both notices of appeal stated that these appeals are taken under Rule 311(a)(3).  Both appeals are untimely.  The Commonwealth was required to appeal the Rule 311(a)(3) order within ten days, *see* Pa.R.A.P. 903(c)(1)(i), but the Commonwealth failed to appeal until seventeen days after entry of the order.

The Commonwealth filed its third and fourth appeals on September 15, 2023, from orders entered on August 28, 2023.  As the trial court observed, these orders arguably were not appealable because they were mere administrative orders designed to effectuate the August 22, 2023, venue transfer orders.  Even if these orders were appealable, the Commonwealth's appeals were untimely, because they were filed eighteen days after August 28, 2023, outside of the ten day appeal period mandated under Rule 903(c)(1)(i).

In its appellate brief, the Commonwealth no longer claims that it is appealing under Rule 311(a)(3)—an unsurprising change since these appeals

clearly are untimely under Rule 311(a)(3). The Commonwealth contends in its brief that it is appealing under Pa.R.A.P. 313, the rule governing appeals from collateral orders.[1] Assuming *arguendo* that the August 22, 2023, and/or August 28, 2023, orders constitute collateral orders, this does not make the Commonwealth's appeals timely. Although Rule 903 generally permits appeals to be filed within thirty days after entry of an appealable order, this rule includes a specific and explicit exception requiring parties to appeal an order "changing venue or venire in a criminal proceeding" within ten days after entry of the order. Pa.R.A.P. 903(c)(1)(i). This text controls the time period for appeals of venue transfer orders, regardless of whether the order also constitutes a collateral order. **See** 1 Pa.C.S.A. § 1933 (if conflict between two provisions is irreconcilable, special provision shall prevail and shall be construed as exception to general provision). We can find no case that dictates a different result; nor does the Commonwealth point us to any.[2]

For these reasons, we quash all appeals captioned above.

Appeals quashed.

_____

[1] A collateral order "is an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost." Pa.R.A.P. 313(b).

[2] Since we lack jurisdiction over these appeals due to their untimeliness, we do not reach the Commonwealth's argument that the trial court failed to follow the procedures required under Pa.R.Crim.P. 584 in the course of granting Appellees' motion to transfer venue.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: <u>9/2/2025</u>