J-S73001-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| RICHARD ANTON RUPAR | : | |
| | : | |
| Appellant | : | No. 1710 WDA 2017 |

Appeal from the PCRA Order October 11, 2017
In the Court of Common Pleas of Washington County
Criminal Division at No(s): CP-63-CR-0003171-2012

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and OLSON, J.

MEMORANDUM BY GANTMAN, P.J.:               **FILED DECEMBER 18, 2018**

Appellant, Richard Anton Rupar, appeals *pro se* from the order entered in the Washington County Court of Common Pleas, which denied his second petition brought pursuant to the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546.  For the following reasons, we dismiss the appeal.

The relevant facts and procedural history of this case are as follows.  On June 11, 2013, Appellant entered a negotiated guilty plea to two counts each of involuntary deviate sexual intercourse ("IDSI") and indecent assault, and one count of endangering the welfare of children ("EWOC").  That same day, the court sentenced Appellant to an aggregate term of eight (8) to sixteen (16) years' incarceration, and imposed upon Appellant lifetime registration under the Sex Offender Registration and Notification Act ("SORNA"), at 42 Pa.C.S.A. §§ 9799.10-9799.41, as a Tier III offender.  On June 18, 2013,

Appellant filed a motion to withdraw his guilty plea, which the court denied on July 1, 2013, following a hearing. Appellant sought no direct review of the judgment of sentence.

On June 17, 2014, Appellant timely filed his first *pro se* PCRA petition. The PCRA court appointed counsel on June 25, 2014. On April 11, 2017, Appellant asked to withdraw his petition, and the PCRA court dismissed it.

On August 29, 2017, Appellant filed the current *pro se* PCRA petition, styled as a "Petition to Correct and Modify Sentence," which asserted relief due under **Commonwealth v. Muniz**, 640 Pa. 699, 164 A.3d 1189 (2017), *certiorari denied*, ___ U.S. ___, 138 S.Ct. 925, 200 L.Ed.2d 213 (2018).[1] The court denied Appellant's PCRA petition on October 11, 2017, and served the order upon the parties on October 12, 2017. Appellant filed a *pro se* notice of appeal on November 16, 2017. The court ordered Appellant on November 21, 2017, to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b); Appellant timely complied *pro se* on December 7, 2017. On August 22, 2018, the Commonwealth filed in this Court an application to

---

[1] Any petition for post-conviction collateral relief will generally be considered a PCRA petition if the petition raises issues cognizable under the PCRA. **See Commonwealth v. Jackson**, 30 A.3d 516 (Pa.Super. 2011), *appeal denied*, 616 Pa. 634, 47 A.3d 845 (2012); 42 Pa.C.S.A. § 9542 (stating PCRA shall be sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for same purpose). Here, Appellant styled his current petition as a "Petition to Correct and Modify Sentence" and challenged the constitutionality of his sex offender registration, which is cognizable under the PCRA. Thus, Appellant's filing constituted a PCRA petition. **See** 42 Pa.C.S.A. § 9543(a)(2)(i); **Jackson, supra**.

dismiss Appellant's appeal as untimely. On October 11, 2018, this Court denied the Commonwealth's motion without prejudice.

Preliminarily, a notice of appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a). The notice of appeal shall be filed with the clerk of the trial court; "[u]pon receipt of the notice of appeal the clerk shall immediately stamp it with the date of receipt, and that date shall constitute the date when the appeal was taken, which date shall be shown on the docket." Pa.R.A.P. 905(a)(3). Time limitations for taking appeals are strictly construed and cannot be extended as a matter of grace. *Commonwealth v. Valentine*, 928 A.2d 346 (Pa.Super. 2007). This Court can raise the matter *sua sponte*, as the issue is one of jurisdiction to entertain the appeal. *Id.* This Court has no jurisdiction to entertain an untimely appeal. *Commonwealth v. Patterson*, 940 A.2d 493 (Pa.Super. 2007), *appeal denied*, 599 Pa. 691, 960 A.2d 838 (2008). Generally, an appellate court may not enlarge the time for filing a notice of appeal. Pa.R.A.P. 105(b). Extension of the filing period is permitted only in extraordinary circumstances, such as fraud or some breakdown in the court's operation. *Commonwealth v. Braykovich*, 664 A.2d 133 (Pa.Super. 1995), *appeal denied*, 544 Pa. 622, 675 A.2d 1242 (1996).

Instantly, the PCRA court entered the order on appeal on October 11, 2017, and served it on October 12, 2017. Thus, Appellant's notice of appeal was due on or before Monday, November 13, 2017. *See* Pa.R.A.P. 903(a).

Nevertheless, the clerk of courts did not receive it for filing until November 16, 2017, although Appellant had dated the handwritten proof of service, attached to the notice of appeal, as November 6, 2017. Despite Appellant's self-dated proof of service, nothing else in the record demonstrates Appellant handed the notice of appeal to prison authorities for mailing on or before November 13, 2017, such that he could benefit from the prisoner mailbox rule.[2] Additionally, the record contains no extraordinary circumstances such as a breakdown in the operation of the court to excuse the delay in filing the notice of appeal. *See Braykovich, supra*. Appellant's failure to file a timely notice of appeal divests this Court of jurisdiction to review it.[3] *See* Pa.R.A.P. 905(a)(3); *Patterson, supra*. Accordingly, we dismiss this appeal as untimely filed.

Appeal dismissed.

President Judge Emeritus Bender joins this memorandum.
Judge Olson concurs in the result.

_____

[2] *See Commonwealth v. Chambers*, 35 A.3d 34 (Pa.Super. 2011), *appeal denied*, 616 Pa. 625, 46 A.3d 715 (2012) (explaining prisoner mailbox rule provides that *pro se* prisoner's document is deemed filed on date he delivers it to prison authorities for mailing).

[3] The PCRA court recommended in its Rule 1925(a) opinion that this Court remand for the PCRA court to grant Appellant relief under *Muniz*. The record, however, makes clear Appellant's current filing is an untimely PCRA petition. Case law provides *Muniz* does not serve as an exception to the PCRA timeliness requirement. *See Commonwealth v. Murphy*, 180 A.3d 402 (Pa.Super. 2018), *appeal denied*, ___ Pa. ___, 195 A.3d 559 (2018) (stating petitioner cannot rely on *Muniz* to meet timeliness exception under Section 9545(b) unless and until Supreme Court allows).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/18/2018