J-S08009-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TERRENCE U. WILLIAMS, | |
| Appellant | No. 2418 EDA 2018 |

Appeal from the Judgment of Sentence Entered July 11, 2018
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0005119-2017

BEFORE:  BENDER, P.J.E., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.:          **FILED APRIL 24, 2019**

Appellant, Terrence U. Williams, appeals from the judgment of sentence imposed on July 11, 2018, after his terms of parole and probation were revoked.  On appeal, Appellant seeks to raise one issue challenging the discretionary aspects of his sentence.  Additionally, his counsel, Patrick J. Connors, Esq., seeks to withdraw his representation of Appellant pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  After careful review, we quash Appellant's appeal and dismiss, as moot, counsel's petition to withdraw.

Briefly, Appellant pled guilty in this case to retail theft, simple assault, and false identification to law enforcement.  While he was serving terms of parole and probation for those convictions, he was charged with committing

_____

[*] Former Justice specially assigned to the Superior Court.

violations thereof. On July 11, 2018, Appellant appeared before the court for a parole/probation revocation hearing. At that proceeding, Appellant stipulated to the alleged violations. *See* N.T. Hearing, 7/11/18, at 3. Consequently, the court found him in violation of his parole and resentenced him to serve his remaining 'back time' of 180 days, but granted him immediate parole. *Id.* at 7. The court also revoked Appellant's probation and resentenced him to a new two-year term of probation. *Id.* at 7-8. At the close of the hearing, the court advised Appellant that he had 10 days to file a post-sentence motion for reconsideration of his sentence, and 30 days to file an appeal with this Court. *Id.* at 9. Appellant stated that he understood. *Id.*

However, Appellant did not file any post-sentence motion, and he waited until August 14, 2018, to file a *pro se* notice of appeal, which was beyond the thirty-day period required by Pa.R.A.P. 903.[1] Consequently, this Court issued a *per curiam* order directing Appellant to show cause why this appeal should not be quashed as untimely filed. Thereafter, Attorney Connors - who had entered his appearance before this Court on Appellant's behalf on August 31, 2018 - filed a response to the rule to show cause order. Therein, Attorney Connors conceded that Appellant's notice of appeal was untimely, but asked

---

[1] Appellant's *pro se* notice of appeal was hand-dated July 24, 2018. However, he did not provide proof of when he deposited that document with prison authorities for mailing. *See Commonwealth v. Jones*, 700 A.2d 423, 426 (Pa. 1997) (holding that a *pro se* prisoner's notice of appeal shall be deemed filed as of the date that he delivers it to prison authorities for mailing, but he bears the burden of proving that he in fact delivered the appeal within the appropriate time period).

us not to quash this appeal because Appellant's notice was filed *pro se*, and because counsel had reviewed the case and concluded that Appellant's sentencing claim is frivolous. **See** Response to Rule to Show Cause Order, 12/31/18, at 1.

Unfortunately for Appellant, neither his *pro se* status, nor the frivolity of his claim, permits this Court to excuse the untimely filing of his notice of appeal. We have explained:

> Time limitations for taking appeals are strictly construed and cannot be extended as a matter of grace. **Commonwealth v. Valentine**, 928 A.2d 346 (Pa. Super. 2007). This Court can raise the matter *sua sponte,* as the issue is one of jurisdiction to entertain the appeal. **Id.** Absent extraordinary circumstances, this Court has no jurisdiction to entertain an untimely appeal. **Commonwealth v. Patterson**, 940 A.2d 493 (Pa. Super. 2007), *appeal denied,* 599 Pa. 691, 960 A.2d 838 (2008).

**Commonwealth v. Burks**, 102 A.3d 497, 500 (Pa. Super. 2014).

Because Appellant has not offered any 'extraordinary circumstance' that would allow us to entertain his appeal, we lack jurisdiction over this case.[2] Furthermore, without jurisdiction, we cannot review Attorney Connor's petition to withdraw and **Anders** brief, and we must dismiss counsel's petition as moot. **See Commonwealth v. Capaldi**, 112 A.3d 1242, 1245 (Pa. Super.

---

[2] Nevertheless, we note that Appellant also waived the discretionary-aspects-of-sentencing claim that he seeks to raise herein by not filing a post-sentence motion or raising that claim orally at the sentencing proceeding. **See Commonwealth v. Bullock**, 948 A.2d 818 (Pa. Super. 2008) (stating that the right to appeal a discretionary aspect of sentence is not absolute and is waived if the appellant does not challenge it in post-sentence motions or by raising the claim during the sentencing proceedings).

2015) (dismissing counsel's petition to withdraw as moot because the appellant filed an untimely notice of appeal, thus divesting our Court of jurisdiction).

Appeal quashed. Petition to withdraw dismissed as moot.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/24/19