J-S30028-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
:
v. :
:
:
:
RASHAWN D. BROWN :
:
Appellant : No. 70 MDA 2021

Appeal from the Judgment of Sentence Entered December 15, 2020
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0002727-2018

BEFORE:   BENDER, P.J.E., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY McCAFFERY, J.:      **FILED: NOVEMBER 5, 2021**

Rashawn D. Brown (Appellant) appeals from the judgment of sentence entered December 15, 2020, in the Dauphin County Court of Common Pleas, following his non-jury conviction of driving under the influence of alcohol (DUI)[1] and related offenses.  Appellant contends the trial court erred when it denied his motion to suppress evidence obtained following an allegedly unlawful traffic stop.  However, because Appellant's notice of appeal was not timely filed, we are constrained to quash this appeal.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S. § 3802(a)(1).

Briefly, the facts underlying Appellant's conviction are as follows.[2]  On March 8, 2018, Shiremanstown Borough Police Officer Travis Pidcock was on routine patrol in a marked vehicle, when he observed a vehicle back the wrong way out of a one-way street, cross over two lanes of traffic, and then drive in the direction of the officer's vehicle.  *See* N.T., Suppression H'rg, at 7-8, 16. Officer Pidcock initiated a traffic stop, at which time he noticed a strong odor of raw marijuana coming from the vehicle.  *Id.* at 8.  Upon questioning, the driver, later identified as Appellant, admitted he had marijuana in his pocket. *Id.* at 8-9.  Appellant was subsequently arrested and charged with possession of a small amount of marijuana, possession of drug paraphernalia, and three counts of DUI.[3]

On March 9, 2020, Appellant filed a suppression motion, arguing the officer's stop of his vehicle not supported by reasonable suspicion or probable cause.  *See* Appellant's Omnibus Pretrial Motion, 3/9/20, at 3-4 (unpaginated).  Following a hearing, the trial court denied Appellant's motion on August 7, 2020.  The case proceeded to a non-jury trial.  On October 28th, the trial court found Appellant guilty of all charges, except possession of drug paraphernalia.  On December 15, 2020, the court sentenced Appellant to an aggregate term of six months' restrictive probation, with the first five days on

---

[2] We glean these facts from the transcript of Appellant's suppression hearing. Although the transcript is not included in the certified record, it is attached to Appellant's brief.  *See* Appellant's Brief at 21, Appendix E, N.T., Suppression H'rg, 7/30/2020.

[3] 35 P.S. 780-113(a)(31), (32); 75 Pa.C.S. § 3802(d)(1), (2).

electronic monitoring and house arrest.  Appellant filed a notice of appeal on January 15, 2021.[4]

Appellant raises one issue on appeal:

Whether the [c]ourt erred by finding there was a violation of the motor vehicle code and thereby finding the stop of Appellant's vehicle was legally justified, where law enforcement stopped Appellant's vehicle for backing out of a one-way street onto a roadway?

Appellant's Brief at 6.

Before we address Appellant's substantive claim, we must determine if this appeal was timely filed.  Although neither the trial court nor the Commonwealth questioned whether the appeal was timely, we emphasize that the "[t]imeliness of an appeal is a jurisdictional question[,]" which we may raise *sua sponte*.  **Commonwealth v. Pena**, 31 A.3d 704, 706 (Pa. Super. 2011); **Commonwealth v. Coolbaugh**, 770 A.2d 788, 791 (Pa. Super. 2001).  "Jurisdiction is vested in the Superior Court upon the filing of a timely notice of appeal."  **Commonwealth v. Green**, 862 A.2d 613, 615 (Pa. Super. 2004) (*en banc*).

Pursuant to Pennsylvania Rule of Appellate Procedure 903, a "notice of appeal . . . shall be filed within 30 days after the entry of the order from which the appeal is taken."  Pa.R.A.P. 903(a).  In a criminal case, when, as here, the defendant does not file a timely post-sentence motion, "the defendant's

---

[4] Appellant complied with the trial court's directive to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

notice of appeal shall be filed within 30 days of imposition of sentence[.]"
Pa.R.Crim.P. 720(A)(3). It is well-settled that this Court has no authority to
extend or enlarge the time for filing a notice of appeal, and "[a]bsent a
breakdown in the operations of the court, '[t]ime limitations on the taking of
appeals are strictly construed and cannot be extended as a matter of grace.'"
***Commonwealth v. Valentine***, 928 A.2d 346, 349 (Pa. Super. 2007)
(citations omitted).

Here, Appellant's judgment of sentence was imposed on December 15,
2020. Thus, Appellant's notice of appeal had to be filed **no later than
January 14, 2021**. However, the notice of appeal included in the certified
record is time-stamped **and** docketed one day later — January 15, 2021.
Thus, it was untimely filed. ***See*** Pa.R.Crim.P. 720(A)(3); Pa.R.A.P. 903(a).
Moreover, Appellant makes no claim that the untimely filing resulted from a
"breakdown in the operations of the court," and our review of the certified
record reveals no support for such an allegation. ***See Valentine***, 928 A.2d
at 349. Consequently, Appellant has failed to properly invoke this Court's
jurisdiction, and we are constrained to quash this appeal.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/5/2021