J-S09007-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
:          PENNSYLVANIA
:
v.              :
:
:
ALICIA A. SHEEHAN          :
:
       Appellant       :   No. 794 WDA 2022

Appeal from the Judgment of Sentence Entered April 18, 2022
In the Court of Common Pleas of Cambria County Criminal Division at
No(s): CP-11-SA-0000005-2022

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
:          PENNSYLVANIA
:
v.              :
:
:
:
ALICIA A. SHEEHAN          :
:
       Appellant       :   No. 795 WDA 2022

Appeal from the Judgment of Sentence Entered April 18, 2022
In the Court of Common Pleas of Cambria County Criminal Division at
No(s): CP-11-SA-0000006-2022

BEFORE:  BENDER, P.J.E., BOWES, J., and SULLIVAN, J.

MEMORANDUM BY BENDER, P.J.E.:          **FILED: MAY 18, 2023**

Appellant, Alicia A. Sheehan, appeals from the aggregate judgment of sentence of $400 in fines and the costs of prosecution, imposed after she was convicted, in two separate cases, of two counts of operating an all-terrain vehicle (ATV) on streets or highways, 75 Pa.C.S. § 7721(a). Appellant challenges the sufficiency of the evidence to prove that the vehicle she was

operating meets the definition of an "ATV" to support her conviction under section 7721(a). After careful review, we quash these appeals.

The facts of this case can be briefly summarized as follows. On October 24, 2021, Appellant was operating a Polaris Razor 1000 on a public roadway in Cambria County, Pennsylvania. Appellant was stopped by two different officers and issued two citations for violations of section 7221(a), as well as one citation for operating an unregistered vehicle, 75 Pa.C.S. § 1301. She was subsequently found guilty of all three summary offenses before a magisterial district judge. She filed a timely, summary appeal and, after a hearing on April 18, 2022, the trial court convicted her of the two section 7721(a) offenses. The court found her not guilty of the section 1301 offense. Appellant was sentenced that same day to the fines and costs set forth *supra*.

On April 26, 2022, Appellant filed a motion for reconsideration. On May 5, 2022, the court issued an order scheduling a hearing on Appellant's motion for May 17, 2022. On May 12, 2022, the court granted the Commonwealth's request for a continuance of that hearing until June 6, 2022. It does not appear that a hearing on Appellant's motion ever occurred, but on June 6, 2022, the court issued an order denying her motion for reconsideration. Appellant filed a notice of appeal at each of her two separate docket numbers on July 5, 2022.[1]

---

[1] This Court *sua sponte* consolidated Appellant's appeals on July 7, 2022.

The court subsequently ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and she timely complied. On September 1, 2022, the court filed a Rule 1925(a) opinion concluding that Appellant waived all her appellate claims based on her failure to have the transcript of the April 18, 2022 summary appeal hearing prepared. Appellant thereafter requested the pertinent transcript, and it was filed on November 1, 2022. Consequently, the trial court issued a supplemental Rule 1925(a) opinion discussing — and ultimately rejecting — the following, single issue that Appellant presents for our review: "Did the trial court abuse its discretion in refusing to apply the statutory definition of an 'ATV' in determining that … Appellant was guilty of operating an ATV on the streets and highways in violation of … 75 [Pa.C.S.] §[] 7721([a])." Appellant's Brief at 5.

Initially, we must address the Commonwealth's claim that we lack jurisdiction to review Appellant's issue, as her notice of appeal from her April 18, 2022 sentencing was untimely. A notice of appeal must be filed within 30 days after the entry of the order from which the appeal is taken. Pa.R.A.P. 903(a). The time limitations for taking appeals are strictly construed and cannot be extended as a matter of grace. *See Commonwealth v. Valentine*, 928 A.2d 346 (Pa. Super. 2007). This Court can raise the matter *sua sponte*, as the issue is one of jurisdiction to entertain the appeal. *Id.* This Court has no jurisdiction to entertain an untimely appeal. *Commonwealth v. Patterson*, 940 A.2d 493 (Pa. Super. 2007). Generally, an appellate court may not enlarge the time for filing a notice of appeal.

- 3 -

Pa.R.A.P. 105(b). Extension of the appeal filing period is permitted only in extraordinary circumstances, such as fraud or some breakdown in the court's operation. *Commonwealth v. Braykovich*, 664 A.2d 133 (Pa. Super. 1995).

Here, Appellant's crime of operating an ATV on streets or highways is a summary offense. *See* 75 Pa.C.S. § 7752(a). "[A] defendant convicted of a summary offense is precluded from filing any post-sentence motions." *Commonwealth v. Dougherty*, 679 A.2d 779, 784 (Pa. Super. 1996). *See also* Pa.R.Crim.P. 720(D) (stating there shall be no post-sentence motion in summary case appeals following trial *de novo*). However,

> [e]xcept as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed.

42 Pa.C.S. § 5505. Thus, the trial court may act on a motion for reconsideration of a sentence imposed for a summary offense, but when an appellant files such a motion, they must also file a protective notice of appeal to ensure preservation of their appellate rights in the event the court does not expressly grant reconsideration within the thirty-day appeal period. *Commonwealth v. Moir*, 766 A.2d 1253, 1254 (Pa. Super. 2000).

> It is well-settled that, upon the filing of a motion for reconsideration, a trial court's action in granting a rule to show cause and setting a hearing date is insufficient to toll the appeal period. Rather, the trial court must expressly grant reconsideration within thirty days of entry of its order. Failure to expressly grant reconsideration within the time set by the rules for filing an appeal will cause the trial court to lose its power to act on the application for reconsideration.

*Id.* (internal citations omitted); *see also* Pa.R.A.P. 1701(b)(3) (stating that the court may grant reconsideration of an order if an application for reconsideration is filed and the court issues "an order expressly granting reconsideration … within the time prescribed by these rules for the filing of a notice of appeal").

Here, Appellant was convicted and sentenced on April 18, 2022. Thus, she had until May 18, 2022, to file a timely appeal. While Appellant filed a motion for reconsideration on April 26, 2022, the court's order scheduling a hearing on that motion did not expressly grant reconsideration. Thus, it did not toll the 30-day appeal period.[2] Because Appellant did not file her notice of appeal until July 5, 2022, we must agree with the Commonwealth that it was untimely. Accordingly, we lack jurisdiction and must quash Appellant's appeals.[3]

Appeals quashed. Jurisdiction relinquished.

---

[2] We note that, after Appellant was sentenced at the close of the summary appeal hearing, the court notified her that she had 30 days to file a notice of appeal. *See* N.T., 4/18/22, at 35-36.

[3] Even if we had jurisdiction to consider the issue Appellant raises herein, we would conclude that it is meritless for the reasons set forth by the trial court in its Supplemental Opinion Pursuant to Rule of Appellate Procedure 1925(a)(1) filed on November 21, 2022. *See* Supplemental Opinion, 11/21/22, at 3-7.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>5/18/2023</u>