J-S11004-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOEL OREE | : | |
| | : | |
| Appellant | : | No. 2029 EDA 2021 |

Appeal from the PCRA Order Entered April 15, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0000859-2014

BEFORE:  OLSON, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY OLSON, J.:                    **FILED AUGUST 8, 2023**

Appellant, Joel Oree, appeals from an order entered on April 15, 2021 in the Criminal Division of the Court of Common Pleas of Philadelphia County that denied his petition filed pursuant to the Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

Because the issue in this appeal focuses exclusively upon the advice given by trial counsel concerning Appellant's election to proceed by way of a waiver trial, and not before a jury, we shall dispense with a recitation of the historical facts underlying Appellant's convictions.  Instead, we incorporate our prior recitation of the relevant events, which we set forth in the context of direct appeal.  **See Commonwealth v. Oree**, 2017 WL 2259028, *1 (Pa. Super. 2017) (unpublished memorandum).

At the conclusion of a waiver trial on February 5, 2015, the court found Appellant guilty of rape, involuntary deviate sexual assault (IDSI), sexual

assault, indecent exposure, and indecent assault. Thereafter, on August 21, 2015, the trial court sentenced Appellant to seven to 14 years' incarceration followed by six years' probation for the rape conviction, and two concurrent terms of 10 years' probation for the IDSI and sexual assault convictions. All of Appellant's terms of probation were imposed concurrently and no further penalty was imposed for Appellant's other convictions.

Appellant timely filed a notice of appeal after the trial court denied his post-sentence motion. On May 23, 2017, this Court held that the trial court erred in imposing a separate sentence on Appellant's sexual assault conviction, which should have merged with the rape and IDSI convictions. *See Oree*, 2017 WL 2259028, at *3. We found remand to be unnecessary, however, because the trial court imposed concurrent sentences on the sexual assault and IDSI convictions and vacating the judgment of sentence for sexual assault did not affect the overall sentencing scheme. *See id*.

Appellant filed his first PCRA petition on October 30, 2017. On January 31, 2019, appointed counsel filed an amended petition alleging that trial counsel was ineffective in advising Appellant to waive his right to a jury trial. The PCRA court convened an evidentiary hearing on February 7, 2020.

Appellant, his daughter, and trial counsel testified at the hearing. Both Appellant and his daughter testified that they told trial counsel that Appellant wished to proceed before a jury. Appellant conceded that, on the day of trial, he executed a written waiver and orally informed the trial court that he wanted a bench trial. Appellant explained, however, that he made this election on the

- 2 -

advice of trial counsel and felt that he had no alternative. Trial counsel testified that he explained his fee structure to both Appellant and his daughter and made clear to them that he could not represent Appellant at a jury trial, given the financial resources available to Appellant and his family. Trial counsel also testified that he advised both Appellant and his daughter that Appellant would be ably represented at either a jury trial or a waiver trial if he accepted the appointment of a public defender. The PCRA court credited the testimony of trial counsel and, on April 15, 2021, dismissed Appellant's petition. Eventually, Appellant filed a notice of appeal on September 1, 2021.

Appellant raises the following question for our review.

Did the [PCRA] court err in dismissing Appellant's post-conviction relief petition where the record indicated that trial counsel was ineffective for misadvising Appellant to waive his right to a jury trial because Appellant could not afford [one]?

Appellant's Brief at 3.

We first consider whether we have jurisdiction over the merits of Appellant's claim, a question we may raise *sua sponte*. **See Commonwealth v. Valentine**, 928 A.2d 346, 349 (Pa. Super. 2007). Appellant's judgment of sentence became final for purposes of the PCRA on June 22, 2017, 30 days after this Court affirmed the judgment on May 23, 2017, within the context of direct appeal. **See** 42 Pa.C.S.A. § 9545(b)(3) ("For purposes of [the PCRA], a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the

review."). On October 30, 2017, Appellant filed his first, timely PCRA petition. Following several continuances, the filing of amended petitions, and an evidentiary hearing, the PCRA court dismissed Appellant's petition on April 15, 2021. No appeal was filed within 30 days.

On June 1, 2021, counsel for Appellant filed a second PCRA petition, seeking reinstatement of Appellant's right to appeal the denial of his original petition. Appellant's second petition alleged that Appellant requested an appeal of the order dismissing his first petition, but no appeal was taken due to clerical error. On August 11, 2021, the PCRA court granted Appellant's second petition and reinstated Appellant's right to appeal the April 15, 2021 dismissal order. Counsel for Appellant then filed a notice of appeal on September 1, 2021.

Appellant's second petition was patently untimely, as it was filed more than one year after Appellant's judgment of sentence became final on June 22, 2017. *See* 42 Pa.C.S.A. § 9545(b)(1) ("[a]ny petition under [the PCRA], including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final"). Here, Appellant asked counsel to appeal the dismissal of his first petition, but counsel failed to do so owing to clerical error. Appellant's second petition alleged that the failure to appeal was unknown to Appellant, which implicated one of the timeliness exceptions included in the PCRA. *See* 42 Pa.C.S.A. § 9545(b)(1)(ii). Our Supreme Court has recognized that the discovery of counsel's ineffectiveness can constitute

an unknown fact that triggers the timeliness exception set forth at Section 9545(b)(1)(ii). *See Commonwealth v. Bennett*, 930 A.2d 1264, 1273 (Pa. 2007) (observing that the failure of counsel to file a requested appeal "is the functional equivalent of having no counsel at all," which "**requires** a finding of prejudice") (emphasis in original). In addition, Appellant filed his second PCRA petition on June 1, 2021, which was within one year of his discovery that counsel failed to appeal from the April 15, 2021 dismissal order. *See* 42 Pa.C.S.A. § 9545(b)(2). The PCRA court granted Appellant's second petition on August 11, 2021 and counsel filed a notice of appeal on September 1, 2021, within 30 days of the court's reinstatement order. *See* Pa.R.A.P. 903 (notice of appeal shall be filed within 30 days after entry of order from which appeal is taken). Under these circumstances, we conclude that Appellant validly invoked an exception to the PCRA's one-year time bar and that we have jurisdiction to reach the merits of this timely-filed PCRA appeal.[1]

---

[1] Generally, Pennsylvania courts do not permit counsel to litigate his own ineffectiveness. *See Commonwealth v. Spotz*, 18 A.3d 244, 329 n.52 (Pa. 2011). Counsel here, however, is not "litigating" the clerical error which led to his failure to timely appeal the April 15, 2021 dismissal order. Instead, counsel's self-accusation was clearly meritorious, which is confirmed by the June 1, 2021 PCRA court order that granted relief, and centered on a relatively insignificant feature of these proceedings. In short, we see no reason to view counsel's self-accusation as an impediment to appellate review under the circumstances before us. *See Commonwealth v. Bond*, 819 A.2d 33, 39 n.2 (Pa. 2002) (observing that it would be inappropriate to remove counsel based upon mere boilerplate assertions of their own incompetence).

Appellant claims that trial counsel was ineffective in advising Appellant to waive his right to a jury trial, given that counsel could not represent Appellant before a jury in exchange for the financial resources available to Appellant, and in allegedly failing to advise Appellant that he could retain other counsel. This claim merits no relief.

We apply the following standard of review to an order denying or dismissing a petition for collateral relief.

> When reviewing the denial of a PCRA petition, we must determine whether the PCRA court's order is supported by the record and free of legal error. Generally, we are bound by a PCRA court's credibility determinations. However, with regard to a court's legal conclusions, we apply a de novo standard.

*Commonwealth v. Johnson*, 139 A.3d 1257, 1272 (Pa. 2016) (quotation marks and quotations omitted). The findings of the PCRA court are "viewed in the light most favorable to the prevailing party." *Commonwealth v. Duffy*, 889 A.2d 56, 61 (Pa. 2005). Moreover, these findings "will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Weimer*, 167 A.3d 78, 81 (Pa. Super. 2017).

Also,

> In order to be eligible for PCRA relief, the petitioner must prove by a preponderance of the evidence that his conviction or sentence resulted from one or more of the enumerated circumstances found in Section 9543(a)(2), which includes the ineffective assistance of counsel. 42 Pa.C.S.[A.] § 9543(a)(2)(i).

> It is well-established that counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him. To prevail on an ineffectiveness claim, the

- 6 -

petitioner has the burden to prove that (1) the underlying substantive claim has arguable merit; (2) counsel whose effectiveness is being challenged did not have a reasonable basis for his or her actions or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's deficient performance. The failure to satisfy any one of the prongs will cause the entire claim to fail.

*Commonwealth v. Benner*, 147 A.3d 915, 919–20 (Pa. Super. 2016)

(quotation marks, quotations, and citations omitted).

Turning to the merits of Appellant's precise claim, our Supreme Court has observed that:

[t]he essential elements of a jury waiver, though important and necessary to an appreciation of the right, are nevertheless simple to state and easy to understand. The . . . essential ingredients, basic to the concept of a jury trial, are the requirements that the jury be chosen from members of the community (a jury of one's peers), that the verdict be unanimous, and that the accused be allowed to participate in the selection of the jury panel.

*Commonwealth v. Mallory*, 941 A.2d 686, 696–697 (Pa. 2008) (footnote, citations, and quotation omitted).

At trial, Appellant executed a written waiver colloquy and responded in the affirmative when asked whether he knew and understood the critical components of a jury trial, whether he discussed these issues with counsel, whether he comprehended the importance of the rights subject to waiver, and whether he intended to waive those rights freely. Detailed, written waivers that are signed and presented in court are generally accorded *prima facie* validity. *See id*. at 704.

"When a presumptively-valid waiver is collaterally attacked under the guise of ineffectiveness of counsel, it must be analyzed like any other ineffectiveness claim. Such an inquiry . . . must focus on the totality of relevant circumstances." *Id.* at 698. "Those circumstances include the defendant's knowledge of and experience with jury trials, his explicit written waiver (if any), and the content of relevant off-the-record discussions counsel had with his client." *Id.* "Counsel's advice to waive a jury trial can be the source of a valid claim of ineffective assistance of counsel only when [] counsel interferes with his client's freedom to decide to waive a jury trial [or when a defendant] can point to specific advice of counsel so unreasonable as to vitiate the knowing and intelligent waiver of his right." *See Commonwealth v. Hooks*, 394 A.2d 528, 532 (Pa. 1978). To demonstrate prejudice, the defendant must show a reasonable probability that, but for counsel's constitutionally deficient representation, the outcome of the waiver proceeding would have been different, *i.e.*, that the defendant would not have waived his right to a jury trial. *See Mallory*, 941 A.2d at 697.

Based upon the totality of circumstances established by the certified record, we agree with the PCRA court that Appellant is not entitled to relief because he knowingly and voluntarily relinquished his right to a jury trial and understood his options when he retained private counsel who could not represent him at a jury trial. There was ample testimony that allowed the PCRA court to conclude that Appellant was familiar with the criminal justice

system since he previously used the services of the public defender's office. Based upon this evidence, the court inferred that Appellant understood "how to contact the public defender and retain their services."  Trial Court Opinion, 7/29/22, at 5.  In fact, Appellant admitted he was aware he could switch attorneys.  *See* N.T. PCRA Hearing, 2/7/20, at 18.  Rather than accept representation by the public defender (who could represent Appellant at a jury trial), Appellant knowingly and willingly declined their services and hired private counsel who explained that he could not represent Appellant at a jury trial, given the financial resources Appellant and his family could afford to spend on this matter.  In short, Appellant asks us to reweigh the testimony and reject the well-supported findings of the PCRA court.  We are unwilling to do so.  Since counsel did not interfere with Appellant's freedom to waive a jury trial and since Appellant has pointed to no specific advice of counsel that vitiated a knowing and intelligent waiver of Appellant's right to a jury trial, we affirm the order that denied Appellant's petition for collateral relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/8/2023