J-S33003-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANTONYO MONTEZ HARRIS | : | |
| | : | |
| Appellant | : | No. 167 WDA 2023 |

Appeal from the PCRA Order Entered November 7, 2022
In the Court of Common Pleas of Venango County Criminal Division at
No(s): CP-61-CR-0000352-2016

BEFORE: BENDER, P.J.E., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.: **FILED: November 22, 2023**

Appellant, Antonyo Montez Harris, appeals *pro se* from the post-conviction court's November 7, 2022 order denying, as untimely, his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. On appeal, Appellant claims that his discovery of a *USA Today* article detailing alleged racial biases in sentencing in Blair County, Pennsylvania, constitutes a 'newly-discovered fact' meeting the timeliness exception of 42 Pa.C.S. § 9545(b)(1)(ii). After careful review, we disagree with Appellant and, therefore, we affirm.

The facts underlying Appellant's convictions are not pertinent to our disposition of his present appeal. We need only note that on November 30, 2016, Appellant pled guilty to one count of corrupt organizations, two counts

---

[*] Former Justice specially assigned to the Superior Court.

of delivery of a controlled substance, and one count of criminal use of a communication facility.[1] On February 7, 2017, he was sentenced to an aggregate term of 93 months' to 25 years' incarceration. He did not file a direct appeal and, thus, his judgment of sentence became final on March 7, 2017. **See** 42 Pa.C.S. § 9545(b)(3) (directing that a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); Pa.R.A.P. 903(a) (stating that a notice of appeal to the Superior Court must be filed within 30 days after the entry of the order from which the appeal is taken).

Appellant thereafter filed a timely, *pro se* PCRA petition. After the court appointed counsel, it ultimately denied Appellant's petition and we affirmed on appeal. **See Commonwealth v. Harris**, 200 A.3d 614 (Pa. Super. 2018) (unpublished memorandum). Appellant filed a second, untimely PCRA petition on February 13, 2019. Again, his petition was denied by the PCRA court, and we affirmed on appeal. **See Commonwealth v. Harris**, 225 A.3d 1200 (Pa. Super. 2019) (unpublished memorandum).

On March 7, 2022, Appellant filed his third, *pro se* PCRA petition, which underlies his present appeal. Therein, Appellant asserted, *inter alia*, a newly-discovered-fact claim premised on a *USA Today* article, published on December 15, 2021, entitled, "Why Must I Die in Prison?" Essentially,

---

[1] 18 Pa.C.S. § 911(b)(4), 35 P.S. § 780-113(a)(30), and 18 Pa.C.S. § 7512(a), respectively.

Appellant claimed that the article revealed to him that he was sentenced disproportionately to his white cohorts based solely on the fact that he is black.

The PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to deny Appellant's petition without a hearing on the basis that it was untimely. In regard to his newly-discovered-fact claim premised on the article, the court found that Appellant "does not and cannot provide a link between the article and the facts and circumstances of this particular case to prove that discriminatory trends affected his sentencing." Rule 907 Notice, 8/4/22, at 4 (unnumbered). On November 7, 2022, the court issued an order denying Appellant's petition.

Appellant filed a *pro se* notice of appeal that was docketed in the trial court on February 7, 2023.[2] Herein, Appellant states one issue for our review, which we reproduce *verbatim*:

---

[2] Pennsylvania Rule of Appellate Procedure 903(a) requires appellants to file notices of appeal within thirty days after the entry of the order from which the appeal is taken. **See also Commonwealth v. Valentine**, 928 A.2d 346, 349 (Pa. Super. 2007) (applying the thirty-day rule). However, Pa.R.A.P. 121(f), titled "Date of filing for incarcerated persons," provides:

> A *pro se* filing submitted by a person incarcerated in a correctional facility is deemed filed as of the date of the prison postmark or the date the filing was delivered to the prison authorities for purposes of mailing as documented by a properly executed prisoner cash slip or other reasonably verifiable evidence.

Pa.R.A.P. 121(f); **see also Commonwealth v. Jones**, 700 A.2d 423 (Pa. 1997) (concluding that *pro se* prisoners' appeals must be deemed filed as of the date they deliver them to prison authorities for mailing). Here, Appellant

*(Footnote Continued Next Page)*

1) Did the lower court err and abused its discretion in dismissing Appellant's *pro se* PCRA petition as untimely when he adequately and diligently presented newly discovered evidence of judicial bias of sentencing Judge Boyer for engaging in unconstitutional racial discrimination by improperly aggregating his sentence in this matter merely because he is an African American?

Appellant's Brief at 4.

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. **Commonwealth v. Ragan**, 923 A.2d 1169, 1170 (Pa. 2007). We must begin by addressing the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. **See Commonwealth v. Bennett**, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

> **(b) Time for filing petition.--**
>
> > (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
> >
> > > (i) the failure to raise the claim previously was the result of interference by government officials with the

---

attached a cash slip to his notice of appeal that is dated November 26, 2022, indicating that his notice of appeal was processed by the jail on November 29, 2022. Thus, applying Rule 121(f), Appellant's notice of appeal may be deemed timely filed.

presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).  Additionally, section 9545(b)(2) requires that any petition attempting to invoke one of these exceptions "be filed within one year of the date the claim could have been presented."  42 Pa.C.S. § 9545(b)(2).

In this case, Appellant's judgment of sentence became final in March of 2017 and, thus, his present petition filed in 2022 is patently untimely. Consequently, for this Court to have jurisdiction to review the merits thereof, Appellant must prove that he meets one of the exceptions to the timeliness requirements set forth in 42 Pa.C.S. § 9545(b).  In this vein, Appellant argues that he meets the after-discovered evidence exception of section 9545(b)(1)(ii) based on the *USA Today* article.  According to Appellant, that article, which he attached to his appellate brief, states, in pertinent part:

Black people in Blair County sentenced for the same drug trafficking crime were roughly 18 times more likely to be sent to state prison, where longer sentences are typically served, than white people, according to a *USA Today* analysis of 2018 data from the state's sentencing commission.  Statewide, that disparity is five times[.]

Appellant's Brief at 8-9 (citation omitted).

Appellant challenges the PCRA court's conclusion that he offered no link between the information in the article and his case, insisting that he has demonstrated "that said discriminatory trends affected his sentence." *Id.* at 10. Specifically, Appellant avers that,

> [f]rom the onset of this prosecution, the Commonwealth presented a theory of the case that codefendant Calvin Ludy was the leader of the corrupt organization with Appellant and several other codefendants playing a substantial role therein. However, Appellant was sentenced to almost double the amount of time of incarceration than Mr. Ludy[,][1] and almost five times the amount of time of incarceration than all white codefendants in this matter.
>
> [1] Mr. Ludy received a sentence of four (4) to eight (8) years of incarceration.

*Id.* (unnecessary capitalization omitted). Appellant claims that these facts, which he stated in his petition, were sufficient to establish a link between the information contained in the article and Appellant's specific case, so as to warrant the court's considering the merits of his claim.

After carefully considering Appellant's argument, we conclude that no relief is due. We find **Commonwealth v. Chmiel**, 173 A.3d 617 (Pa. 2017), instructive. There, our Supreme Court held that an FBI press release, and the attendant admissions by the FBI contained therein, constituted a newly-discovered fact for purposes of triggering the exception of section 9545(b)(1)(ii). *Id.* at 629. Inherent in both the FBI press release, and a subsequent *Washington Post* article publicizing it, were the facts that (1) "the FBI publicly admitted that the testimony and statements provided by its analysts about microscopic hair comparison analysis were erroneous in the

vast majority of cases[,]" and (2) "the FBI had trained many state and local analysts to provide the same scientifically flawed opinions in state criminal trials." *Id.* at 625. Our Supreme Court concluded that it was not the source of the facts, *i.e.*, a press release or a newspaper article, that satisfied the newly-discovered facts exception but, rather, it was the information contained in those media sources which satisfied the exception. *Id.* at 628. In other words, facts are not what a reader gleans from media reports or newspaper articles but, instead, facts are the substantive events, *i.e.*, the FBI's admission of error, which prompted the report by the media. *See Commonwealth v. Castro*, 93 A.3d 818, 825 n.11 (Pa. 2014) (reiterating that "[facts] cannot consist of what one hears on the news") (citation omitted); *see also Commonwealth v. Reid*, 235 A.3d 1124, 1146 (Pa. 2020) (holding, a judicial decision is not a fact to support the newly-discovered facts exception because "an in-court ruling or published judicial opinion is law[;] it is simply the embodiment of abstract principles applied to actual events. The events that prompted the analysis, which must be established by presumption or evidence, are regarded as fact.").

Here, unlike the FBI press release in *Chmiel*, the *USA Today* article contains no admissions of biased practices in sentencing. Instead, the author of the article speculates that racial bias in sentencing likely exists in Blair County, and possibly statewide, based on generalized statistics, as well as a sentence imposed by a different judge, in a different county, 17 years before Appellant's sentence was imposed. Statistics are not substantive events, and

a sentence imposed in a wholly unrelated case, by a different judge in a different county, is not sufficiently linked to Appellant's case so as to constitute a newly-discovered fact under the timeliness exception of section 9545(b)(1)(ii).

We also observe that Appellant's claim is grounded in the fact that he was allegedly sentenced disproportionately to his white codefendants/coconspirators. However, this alleged disparity existed from the moment the sentences were imposed, not from the date that the *USA Today* article was published. Appellant does not claim that, prior to the article's publication, he was unaware — or could not have discovered earlier, in the exercise of due diligence — that he received a sentence 'dramatically higher' than any of his white cohorts. Furthermore, the information in the *USA Today* article was premised on 2018 data from the sentencing commission. Appellant fails to explain why he could not have also discovered this 2018 data earlier than 2021 when the article was published, and challenged his sentence, on the basis that the court was racially biased, in litigating his first or second PCRA petitions in 2018 and 2019.

For all of these reasons, we discern no error in the PCRA court's conclusion that Appellant failed to prove the applicability of the newly-discovered-fact exception of section 9545(b)(1)(ii). Therefore, we affirm the order dismissing his untimely petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


DATE: <u>11/22/2023</u>